**Beatrice McCANDLESS, Plaintiff,**

v.

**The GREAT ATLANTIC AND PACIFIC TEA COMPANY, INC., a Foreign Corporation, Defendant.**

**No. 81 C 4574.**

United States District Court, N. D. Illinois, E. D.

Jan. 7, 1982.

---

Murray B. Woolley, Chicago, Ill., for plaintiff.

Anthony J. Crement, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Beatrice McCandless ("McCandless") brought this action against her employer, defendant The Great Atlantic and Pacific Tea Company, Inc. ("A&P"), under section 301 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185, alleging that A&P had breached several provisions of the collective bargaining agreement between itself and McCandless' union, had irreparably injured her reputation, and had deprived her of due process and equal protection of the laws under the National Labor Relations Act and Illinois law. On November 18, 1981, this Court granted A&P's motion to dismiss the complaint for failure to state a claim for relief on the ground that, *inter alia*, McCandless had not even attempted to exhaust adequate internal union remedies established by the collective bargaining agreement before she filed suit under section 301.[1] To the extent that McCandless' claims for reputational injury and violation of unspecified statutory and constitutional

---

1. It is well established that an employee seeking relief under section 301 must exhaust adequate internal union remedies before filing suit against his or her union or employer. *Clayton v. International Union*, 451 U.S. 679, 681, 101 S.Ct. 2088, 2091, 68 L.Ed.2d 538 (1981); *Republic Steel Corporation v. Maddoz*, 379 U.S. 650, 652–53, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965).

rights were not cognizable under section 301, those claims were dismissed because they were simply unintelligible. *McCandless v. The Great Atlantic & Pacific Tea Company, Inc.*, No. 81 C 4574 slip op. at 4–5 (N.D.Ill. 11/18/81).

This matter is presently before the Court on A&P's motion for costs and attorneys' fees incurred in defense of McCandless' assertedly frivolous suit. McCandless, or more particularly her attorney, Mr. Murray B. Woolley, Esquire, of the law firm of Reilly, Sentman, Woolley & Leibowitz, has not bothered to respond to A&P's motion [2] nor has he moved to extend the time in which to do so. For the reasons set forth below, A&P's motion will be granted.

■ Although the general rule is that a prevailing party may not recover its attorneys' fees from the losing party, *Alyeska Pipe Line Service Company v. The Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975), "it has long been established that even under the American common-law rule attorney's fees may be awarded against a party who has proceeded in bad faith." *Christianburg Garment Company v. Equal Employment Opportunity Commission*, 434 U.S. 412, 419, 98 S.Ct. 694, 699, 54 L.Ed.2d 648 (1978). Moreover, the Supreme Court recently acknowledged the principle that it is within the inherent power of a federal court to assess attorneys' fees against an attorney who has acted unreasonably, vexatiously or in bad faith in connection with a piece of litigation so as to constitute an abuse of the judicial process. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 2463–64, 65 L.Ed.2d 488 (1980). The power to award attorneys' fees against opposing counsel should be used sparingly, the Court cautioned, but in appropriate cases it may be a necessary sanction to protect the integrity and orderly administration of the judicial process. *See also Textor v. Board of Regents of Northern Illinois University*, 87 F.R.D. 751, 754 (N.D.Ill.1980).

■ The Court has concluded that the instant case falls within the narrowly-defined circumstances discussed in *Roadway Express, supra*, in which attorneys' fees and costs should be assessed against counsel who has willfully abused the judicial process. This lawsuit could have been avoided had McCandless' counsel done the minimum amount of research required of a responsible member of the bar. Basic research would have revealed that exhaustion of adequate internal union remedies provided under a collective bargaining agreement is a prerequisite to suit under section 301 of the Labor-Management Relations Act. Although exhaustion is not required when the internal remedy cannot provide an employee with the relief sought, no argument was made in the instant case that recourse to the internal grievance procedure would have been futile or unyielding. The cases cited by McCandless' counsel in support of the proposition that exhaustion was not required on the facts of this case were clearly inapposite. Indeed, counsel's citation from one of the three cases urged in support of his position, *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 511 (9th Cir. 1978), omitted a sentence which clearly supported A&P's position and stated the governing law.

Furthermore, although counsel did file a response to A&P's motion to dismiss, no authority was ever put forward in support of McCandless' claims for injury to her reputation or for violation of the National Labor Relations Act and Illinois law. In fact, the response brief conceded that the complaint was deficient in its claim for defamation, but neglected to inform the Court or A&P of the legal basis for the continued assertion of reputational injury. No facts were ever alleged in support of the various and sundry claims of constitutional wrongs or violations of public policy.

If McCandless' counsel had taken the time or effort to respond to the motion for attorneys' fees and costs, perhaps he could

**2.** Plaintiff's response to the motion was due on December 8, 1981. No request for an extension of time to respond has been filed.

have provided some explanation for the deficiencies noted above as well as those discussed in the Court's earlier opinion in this matter. In the absence of a proper response, however, the Court can only conclude that this lawsuit was not brought or conducted in good faith. The Court cannot condone such behavior and, upon the inherent authority recognized in *Roadway Express*, we conclude that attorneys' fees and costs should be assessed against McCandless' counsel.

Accordingly, A&P's motion is granted. It is so ordered. A&P is directed to submit an itemized petition for fees and costs by January 18, 1982. It is so ordered.