715 F.2d 531
 74 A.L.R.Fed. 783
 Edwin F. GORDON, Plaintiff-Appellant, Cross-Appellee,
v.
John HEIMANN, U.S. Comptroller of the Currency, et al.,
Defendants-Appellees, Cross-Appellants.
Edwin F. GORDON, Plaintiff-Appellant,
v.
John HEIMANN, U.S. Comptroller of the Currency, et al.,
Defendants-Appellees.
 Nos. 81-8017, 81-8018.
 United States Court of Appeals,
Eleventh Circuit.
 Sept. 19, 1983.
 
 Julian D. Halliburton, pro se.
 John W. Stokes, Jr., Decatur, Ga., for Gordon.
 Jeffrey M. Smith, Trotter, Bondurant, Miller & Hishon, H. Lamar Mixon, Atlanta, Ga., for George Barley, Jr., Maxwell W. Well, Jr., Commercial Bank at Winter Park and Tucker Frederickson.
 Robert W. Beynart, Smith, Cohen, Ringel, Kohler & Martin, Atlanta, Ga., for E.G. Green, Heminway Corporation.
 Peter D. Webster, Bedell, Bedell, Dittmar & Zahmer, Jacksonville, Fla., for Gustave T. Broberg, Jr.
 Charles H. Kirbo, King & Spalding, Charles M. Shaffer, Jr., Atlanta, Ga., John R. Bush, Bush, Ross, Gardner, Warren & Rudy, Tampa, Fla., for First National Bank in Palm Beach, Chester H. Ferguson, William K. Deveer, Wyckoff Myers, John F. Fudy, II, and Lykes Financial Corp.
 John D. Levine, Dorsey, Windhorst, Hannaford, Whitney & Halladay, Minneapolis, Minn., Paul B. Erickson, Alley, Maass, Rogers, Lindsay & Chauncey, Palm Beach, Fla., and Ronald L. Reid, Alston, Miller & Gaines, Atlanta, Ga., for T.R. Anderson, Robert D. Lacey.
 R. Lee Bennett, Piersol, Boroughs, Frimm & Bennett, Orlando, Fla., for Estate of M.M. Overstreet.
 H. Robert Koltnow, Swope, Stobs & Koltnow, Miami Shores, Fla., for James L. Enrico.
 Wasson, Sours & Harris, W. Hensell Harris, Jr., Atlanta, Ga., for Terry.
 Kutak Rock & Huie, Edgar H. Sims, Jr., Frank A. Lightmas, Jr., Atlanta, Ga., for First National Bank & Trust Co. of Rivera Beach, et al.
 Kathie G. McClure, Asst. U.S. Atty., Atlanta, Ga., Ronald R. Glancz, Kathleen M. Mullarkey, Litigation Division, Comptroller of the Currency, Washington, D.C., for John Heimann, Robert J. Herrmann, Governors of the Federal Reserve Board and Federal Reserve Bank of Atlanta.
 R. Dal Burton, Atlanta, Ga., for William L. Gunter.
 H. Robert Koltnow, Swope, Stobs & Koltnow, Miami Shores, Fla., for James L. Enrico.
 Robert W. Beynart, Smith, Cohen, Ringel, Kohler & Martin, John L. Latham, Atlanta, Ga., for E.G. Green.
 Edgar H. Sims, Jr., Kutak, Rock & Huie, Frank A. Lighmas, Jr., Atlanta, Ga., for First Nat'l Bank & Trust Co. of Rivera Beach, Vincent Burkhardt, A.E. Osborne, III, Herbert P. Benn, Southeast Merger Co.
 Appeals from the United States District Court for the Northern District of Georgia.
 Before HATCHETT and CLARK, Circuit Judges, and SCOTT*, District Judge.
 CLARK, Circuit Judge:
 
 
 1
 On July 25, 1980, appellant Gordon filed a seven count complaint naming 38 individuals and entities as defendants and alleging violations of the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. sections 1961 et seq. The district court stayed discovery on October 29, 1980, dismissed the complaint for failure to state a claim on which relief could be granted on December 2, 1980, and denied Gordon's motion for leave to amend his complaint as moot on February 24, 1981.
 
 
 2
 Undeterred by the failure of his prior complaint, Gordon filed an almost identical complaint against 44 individuals and entities on February 13, 1981, again alleging violations of RICO. On May 28, 1981, the district court entered an order dismissing this second action as barred by the doctrine of res judicata.
 
 
 3
 Gordon now appeals the district court's ruling in both cases, contending that the district court erred in dismissing the complaints, in refusing to allow Gordon to amend the complaint, and in preventing discovery. Gordon and his attorney Halliburton also appeal the district court's rulings that the defendants in these cases were entitled to attorneys' fees because the cases were pursued in bad faith. We affirm these rulings of the district court.
 
 
 4
 We have reviewed the extensive briefs and records in these two cases, which we note are the twenty-second and twenty-third cases filed by Gordon stemming from the same transactions. We conclude that the cases below and their present appeals are frivolous and merit no further discussion by this court.
 
 
 5
 Instead, we turn our attention to the cross-appeals regarding attorneys' fees. The 44 named defendants in the two lawsuits were represented by 11 sets of attorneys, all of whom eventually filed motions for attorneys' fees in both cases. Defendants requested that fees be assessed against Gordon and his attorneys Halliburton, Schwind, Stokes, and Sneed & Associates. On July 13, 1981, the district court held an evidentiary hearing. The defendants presented evidence on whether or not they were entitled to an award of attorneys' fees and, if so, what the reasonable amount of the attorneys' fees and costs should be. At the hearing, defendants voluntarily withdrew their motions for the award of attorneys' fees against Stokes and Sneed & Associates. Based on evidence produced at the hearing, the district court ruled that the motions for attorneys' fees awards against Schwind should be denied because of his minor role in the cases.
 
 
 6
 In its order of September 25, 1981, the district court granted all the motions for attorneys' fees against Halliburton and Gordon in the second case at issue.[1] The court's decision to award attorneys' fees in favor of the defendants was based on the inherent power of the court, the provisions of 28 U.S.C. sec. 1927,[2] and Federal Rule of Civil Procedure 11.[3] In the first case, the district court awarded attorneys' fees only to defendant First National Bank of Palm BeachBPB. The court concluded that the motions of all other defendants for attorneys' fees in the first case were untimely and should be denied. The defendants whose motions were denied filed cross-appeals in the present action asserting their entitlement to the fees in question.
 
 
 7
 Attorneys' fees were first requested in the first case in the October 17, 1980 motion for dismissal of the complaint filed by the federal defendants. This motion was pending on December 2, 1980 when the district court entered its order of dismissal, which read, in part, that "the various other motions now pending are moot as a result of this order." The FNBPB made the next request for attorneys' fees in a motion to alter the judgment, under Federal Rule of Civil Procedure 59(e),[4] to include an award of attorneys' fees. This motion was served on December 12, 1981, within ten days of judgment as is required by Federal Rule of Civil Procedure 59(e), with an accompanying memorandum of law stating the arguments in favor of awarding attorneys' fees. Motions for attorneys' fees by all the other defendants, and a renewed motion by the federal defendants, were filed between December 22, 1980 and March 23, 1981. Many of these motions adopted by reference the arguments presented in FNBPB's memorandum of law.
 
 
 8
 In denying the motions for attorneys' fees, in this first case, of all defendants except FNBPB, the district court concluded that these motions for attorneys' fees were all Rule 59(e) motions and therefore untimely. The district court relied on Stacy v. Williams, 446 F.2d 1366 (5th Cir.1971), in which this court held the Rule 59(e) ten-day limitation applicable to a request for attorneys' fees. With regard to the motion of the federal defendants, the district court held that it had "implicitly denied" their motion in this case by explicitly denying their almost identical and cross-referenced motion in another case before the court. Additionally, in denying the motion of the federal defendants, the court relied on the judgment, denoted "final judgment," which was entered in this case and which stated that plaintiff would take nothing and defendants would recover their costs. That final judgment did not mention attorneys' fees.
 
 
 9
 We note initially that attorneys' fees have been requested in different cases following a variety of procedures. Attorneys' fees may be requested in an initial complaint, in an answer to a complaint, in a bill of costs under Rule 54(d),[5] in a Rule 59(e) motion to amend the judgment, and in undifferentiated motions for attorneys' fees at different times in the course of or after litigation.[6] Additionally, a separate action may be filed for the purpose of obtaining attorneys' fees incurred in a prior case. Courts have implicitly sanctioned these approaches, often without analysis of the procedure employed. See, e.g., Metcalf v. Borba, 681 F.2d 1183 (9th Cir.1982) (The court determined that a motion for attorneys' fees in a civil rights case was not governed by Rule 59(e) or a local rule governing requests for costs. The court stated that attorneys' fees are not costs for purposes of Rule 54(d) and Rule 58. The court affirmed the award of attorneys' fees on a motion filed twenty-five days after judgment.); Hairline Creations, Inc. v. Kefalas, 664 F.2d 652 (7th Cir.1981) (The court held that the function of the attorneys' fees in the litigation determines whether the award of fees is a remedy tied to substantive issues in the judgment, or is a collateral matter. Where fees are equitable, Rule 54(d) regarding costs applies; where fees are awarded under the Lanham Trade-Mark Act permitting prevailing defendants to recover attorneys' fees in exceptional cases, Rule 59(e) applies.); Ryan v. Hatfield, 578 F.2d 275 (10th Cir.1978) (After the trial court granted the defendant's motion to dismiss a case, the defendant moved for attorneys' fees. The court granted an equitable award of attorneys' fees because the plaintiff brought the action in bad faith.); McCandless v. Great Atlantic and Pacific Tea Co., Inc., 529 F.Supp. 476 (N.D.Ill.1982) (After the court granted the defendant's motion to dismiss an action brought under section 301 of the Labor-Management Relations Act of 1942, the defendant moved for costs and attorneys' fees. The court assessed attorneys' fees against plaintiff's counsel for his actions in bad faith.). These decisions demonstrate that attorneys' fees have not fallen into one procedural category. This is in part because the procedure may vary with the basis for the request. For example, parties confident of a defendant's wrongdoing in a civil rights case may initially request attorneys' fees in their complaint. When, however, a party concludes over the course of litigation that the defendant is relying on frivolous grounds, the party may decide to request attorneys' fees, because of the adversary's bad faith, during or after the litigation. Finally, if a statute provides that the prevailing party is entitled to attorneys' fees, a party may wait until judgment to see who prevails before requesting fees.
 
 
 10
 The rather forked trail of attorney fee awards decisions by this court also demonstrates the uncertainty of which procedures should govern requests for attorneys' fees. In Stacy v. Williams, 446 F.2d 1366 (5th Cir.1971), students at the University of Mississippi and Mississippi State University attacked the constitutionality of regulations for off-campus speakers. The students, and other plaintiffs, sought and received declaratory and injunctive relief. Stacy v. Williams, 306 F.Supp. 963 (N.D.Miss.1969). The final judgment provided that costs should be taxed against defendants, but made no mention of attorneys' fees. Two months after entry of the final judgment, plaintiffs filed a motion for leave to amend the bill of costs and to allow reasonable attorneys' fees, asserting that the defendants acted in bad faith in the protracted litigation. The district court ruled that the motion was untimely under Rule 59(e) and that the defense was not maintained in bad faith. On appeal, this court declined to review the request for attorneys' fees on the merits and affirmed the district court's ruling on the ground that the motion was untimely under Rule 59(e).
 
 
 11
 In Knighton v. Watkins, 616 F.2d 795 (5th Cir.1980), this court took a different path regarding attorneys' fees requested under 42 U.S.C. sec. 1988. Two months after prisoner Knighton was successful in his section 1988 suit, he filed for an award of attorneys' fees. Although the request was made more than ten days after entry of final judgment and thus could not be a successful motion to amend or alter judgment under Federal Rule of Civil Procedure 59(e), the court found the application for fees timely. The court noted that the attorneys' fees award was authorized by statute as part of the costs. Because under the statute attorneys' fees can only be awarded to prevailing parties, attorneys' fees under section 1988 will usually be sought only after litigation. The court concluded:
 
 
 12
 [A] motion for attorney's fees is unlike a motion to alter or amend a judgment. It does not imply a change in the judgment, but merely seeks what is due because of the judgment. It is, therefore, not governed by the provisions of Rule 59(e).
 
 
 13
 616 F.2d at 797. The court found further support for its decision to allow the award by the manner of handling proceedings for an award of costs. The court noted that costs were properly taxed after a decision had been reached and that Rule 54(d), which provides for the awarding of costs, does not specify the time in which the motion for costs must be made.
 
 
 14
 Brown v. City of Palmetto, Ga., 681 F.2d 1325 (11th Cir.1982), recently reiterated the Knighton rule that motions for attorneys' fees under 42 U.S.C. sec. 1988 do not have to be filed within the Rule 59(e) ten-day time limitation. In Brown, the court held that even a local court rule requiring bills of cost to be filed within thirty days after the time judgment is entered did not place a time limitation on the section 1988 request for attorneys' fees. Absent a local rule explicitly requiring the filing of motions for attorneys' fees within specified time constraints, the court concluded that, "a claim for attorney's fees would be untimely only on a showing of unfair surprise or prejudice." 681 F.2d at 1327.
 
 
 15
 The present appeal presents this court with the novel question of what, if any, time limitation should be applied when the award of attorneys' fees is based on both equitable and statutory grounds. The district court stated that its awards, to FNBPB in the first case and to all defendants in the second case, were founded on the inherent power of the court, the provisions of 28 U.S.C. sec. 1927, and Federal Rule of Civil Procedure 11. In holding that Rule 59(e) controlled the timing of the motions for attorneys' fees awards in this case, the district court concluded that 28 U.S.C. sec. 1927 was distinguishable from 42 U.S.C. sec. 1988 because in the latter Congress provided that attorneys' fees were included in costs. In 28 U.S.C. sec. 1927, Congress "merely provided that costs, expenses, and attorneys' fees were recoverable." Record Excerpts at 407. The district court also summarily noted that the policy considerations cited in Knighton did not apply in a section 1927 award.
 
 
 16
 The district court did not have the benefit of the recent Supreme Court opinion in White v. New Hampshire, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). In White v. New Hampshire, the petitioner was a successful section 1983 plaintiff, who filed for attorneys' fees approximately four and one-half months after the entry of the judgment. The district court awarded the attorneys' fees, but the court of appeals reversed the district court's decision, deeming petitioner's motion for attorneys' fees a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Under Rule 59(e), the motion was untimely because it had not been served within ten days of the entry of the judgment. The Supreme Court held that a motion for attorneys' fees was not properly categorized as a Rule 59(e) motion, and consequently was not untimely:
 
 
 17
 Rule 59(e) was added to the Federal Rules of Civil Procedure in 1946. Its draftsmen had a clear and narrow aim. According to the accompanying Advisory Committee Report, the rule was adopted to "make[ ] clear that the district court possesses the power" to rectify its own mistakes in the period immediately following the entry of judgment. The question of the court's authority to do so had arisen in Boaz v. Mutual Life Ins. Co. of New York, 146 F.2d 321, 322 (CA 8 1944). According to their Report, the draftsmen intended Rule 59(e) specifically "to care for a situation such as that arising in Boaz."
 
 
 18
 Consistently with this original understanding, the federal courts generally have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits. E.g., Browder v. Director, 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). By contrast, a request for attorney's fees under § 1988 raises legal issues collateral to the main cause of action--issues to which Rule 59(e) was never intended to apply.
 
 
 19
 White v. New Hampshire, 455 U.S. at 450-51, 102 S.Ct. at 1165-66, 71 L.Ed.2d at 330-31 (footnotes omitted).
 
 
 20
 We find that White v. New Hampshire controls the present case because defendants' requests for attorneys' fees were "collateral to the main cause of action." Although White explicitly dealt with claims for attorneys' fees only under section 1988, the analysis presented by the Supreme Court is equally compelling in the present case. The Supreme Court's conclusion that the narrow purpose of Rule 59(e) was to permit a court to rectify its mistakes in the initial judgment precludes application of Rule 59(e) in attorneys' fees cases where the attorneys' fees issue is not subsumed by the decision on the merits. The requests for attorneys' fees in the present case were clearly unrelated to the underlying RICO action brought by the plaintiffs. The motions for attorneys' fees in no way urged the court to reconsider its holdings of law and fact to determine whether its prior judgment was correct. Cf. Note, Procedural Characterization of Post-Judgment Requests for Attorney's Fees in Civil Rights Cases, 49 Fordham L.Rev. 827, 838 (1981). While attorneys' fees awards based on 28 U.S.C. sec. 1927, Fed.R.Civ.P. 11, and the bad faith exception to the general American rule are not limited to successful parties, a successful party is obviously more likely to be entitled to such fees. In the present case, the defendants were reassured that appellant's actions were frivolous only when those actions were dismissed by the district court.
 
 
 21
 In this case, the filing of motions for attorneys' fees more than ten days after the judgment clearly did not prejudice appellants. When the federal defendants requested such an award in their motion to dismiss the complaint, appellants were first aware of the possibility of an attorneys' fees award. Once the judgment was entered, the First National Bank of Palm Beach filed a motion for attorneys' fees which again alerted appellants to that possibility. This very case illustrates what harsh results can ensue when Rule 59(e) is applied to post-judgment fee requests. To permit the First National Bank of Palm Beach to recover attorneys' fees and deny fees to the other defendants, who made similar motions within a reasonable time period, is quite simply inequitable.
 
 
 22
 The award of attorneys' fees against Gordon's attorney Halliburton presents an even stronger case. In amending 28 U.S.C. sec. 1927 to include attorneys' fees in addition to excess costs and expenses, Congress intended that, "The attorney should be required to satisfy personally this full range of excess costs attributable to such conduct." H.Rep. No. 1234, 96th Cong., 2d Sess. 8, reprinted in 1980 U.S.Code Cong. & Ad.News 2716, 2781, 2782. This statement establishes that, just as in actions under section 1988, attorneys' fees were intended to be among the costs which a party could request after litigation was completed. The appropriate time for assessing such costs is after a decision has been reached on the merits. Knighton v. Watkins, 616 F.2d 795, 798 (5th Cir.1980). While normally attorneys' fees are not taxed as costs, the legislative history of section 1927 suggests that Congress intended such fee awards be considered part of the net costs incurred due to the attorneys' dilatory tactics. Having concluded that the award of attorneys' fees under section 1927 is unquestionably proper when filed after the ten-day time limitation of Rule 59(e), we note that to permit an award against Halliburton and not against Gordon would also lead to an inequitable result.
 
 
 23
 The Eighth Circuit discussed the difficulties inherent in applying different time limitations to attorneys' fees requests under the statutes and under the bad faith standard in Obin v. Dist. No. 9 of Intern. Ass'n., Etc.:
 
 
 24
 Nor do we see any reason to apply a different time limitation to claims for attorney's fees founded on the bad-faith exception to the American rule.... As illustrated by this case, a prevailing defendant in a multi-count action including a Title VII claim will file for an award of attorney's fees on both statutory and equitable grounds and similar considerations will underlie the court's determination of whether to allow fees under either or both theories. Thus, similar procedural rules should govern the timeliness of fee applications.
 
 
 25
 651 F.2d 574 at 579, n. 5 (8th Cir.1981). Perpetuating the dichotomy established by Stacy v. Williams, 446 F.2d 1366 (5th Cir.1971), and Knighton v. Watkins, 616 F.2d 795 (5th Cir.1980), can only result in future timing conflicts like the ones in this case. Most important, the Supreme Court's emphasis in White v. New Hampshire of the limited role of Fed.R.Civ.P. 59(e) suggests that attorneys' fees requests should never be governed by that time limitation.[7]
 
 
 26
 This is not the first time this court has extended the reasoning of White v. New Hampshire beyond the section 1988 civil rights cases. In Rothenberg v. Security Management Co., Inc., 677 F.2d 64 (11th Cir.1982), this court held that, under the White v. New Hampshire rationale, Rule 59(e) did not control a request for attorneys' fees brought pursuant to Georgia law governing shareholder derivative suits. Other circuits have also read White v. New Hampshire to preclude application of Rule 59(e) to various requests for attorneys' fees. The Seventh Circuit held Rule 59(e) inapplicable to attorneys' fees motions filed in an antitrust action governed by Section 4 of the Clayton Act, 15 U.S.C. sec. 15, Spray-Rite Service Corp. v. Monsanto Co., 684 F.2d 1226, 1248 (7th Cir.1982), cert. granted, --- U.S. ----, 103 S.Ct. 1249, 75 L.Ed.2d 479 (1983), and in a condemnation action where the request was based on the Equal Access to Justice Act, 28 U.S.C. sec. 2412(b), provisions relating to condemnation proceedings, 42 U.S.C. sec. 4654(a)(2), and the inherent power of the court. Commissioners of Highways of Towns of Annawan v. United States, 684 F.2d 443, 446 (7th Cir.1982). The Second Circuit similarly concluded that Rule 59(e) is not generally applicable to attorneys' fees motions in Goodman v. Heublein, Inc., 682 F.2d 44, 48 (2d Cir.1982) (ADEA action).
 
 
 27
 Guided by the analysis in White v. New Hampshire, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), we thus conclude that the district court improperly denied the motions for attorneys' fees as untimely under Rule 59(e). Rather than set a time limitation by judicial fiat, we conclude that requests for attorneys' fees may be made by motion within a reasonable period of time after the final judgment in a case.[8] Fee requests also, of course, may be made, in appropriate cases, in the initial pleadings, by motion during the litigation, or in a separate subsequent action.
 
 
 28
 Appellants urge us to reconsider whether the underlying action was conducted with such bad faith as to justify an award of attorneys' fees. While the general American rule is that attorneys' fees are not awarded to the victor in a lawsuit, there are several established exceptions to this general rule. One of the three key exceptions is the bad faith exception, which was approved by the Supreme Court in Alyeska Pipeline Serv. Co. v. Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Grounds for such a bad faith award exist when a plaintiff brings a groundless suit and forces the defendant to expend time and effort conducting his defense. Note, Attorney's Fees and the Federal Bad Faith Exception, 29 Hastings L.J. 319, 329 (1977). The present purely frivolous actions are precisely the kind of suits which necessitate a bad faith exception to the American rule.
 
 
 29
 AFFIRMED in part and REVERSED in part with directions to REMAND for consideration on the merits of defendants' requests for attorneys' fees in the first case.
 
 
 
 *
 Honorable Charles R. Scott, U.S. District Judge for the Middle District of Florida, was a member of the panel that heard oral arguments but due to his death on May 12, 1983 did not participate in this decision. The case is being decided by a quorum. 28 U.S.C. § 46(d)
 
 
 [1]
 Throughout this opinion, "first case" will refer to the case initiated by the complaint filed on July 25, 1980 and numbered 81-8017 on appeal. "Second case" will refer to the case initiated by the complaint filed on February 13, 1981 and numbered 81-8018
 
 
 [2]
 The full text of section 1927 is:
 Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.
 28 U.S.C. sec. 1927 (Supp.1982).
 
 
 [3]
 Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The rule in equity that the averments of an answer under oath must be overcome by the testimony of two witnesses or of one witness sustained by corroborating circumstances is abolished. The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served. For a wilful violation of this rule an attorney may be subjected to appropriate disciplinary action. Similar action may be taken if scandalous or indecent matter is inserted
 Fed.R.Civ.P. 11 (1982).
 
 
 [4]
 (e) Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment
 Fed.R.Civ.P. 59(e) (1982).
 
 
 [5]
 An amendment of the judgment with respect to the bill of costs and assignment of attorneys' fees may be brought under FRCP 54(d)
 [Interim Binder] Fed.Pro. (L.Ed.) sec. 58:39 (footnote omitted).
 
 
 [6]
 [A] party confronted by a situation in which the rules do not provide specifically for a motion, but who can show a need for an order from the court to prevent overreaching or injustice, may make what might be called an "undifferentiated motion" stating his problem, the grounds for relief, and the remedy desired
 C. Wright & A. Miller, Federal Practice and Procedure: Civil sec. 1190 (1969).
 
 
 [7]
 Stacy, Knighton, and White were mentioned by this court in one sentence in Varnes v. Local 91, Glass Bottle Blowers, Etc., 674 F.2d 1365 (11th Cir.1982). Varnes' initial complaint was dismissed and she filed an amended complaint which was served by mail. Varnes later dismissed her amended complaint against her employer. The district court entered a default judgment against the union, which had not responded to either the initial or amended complaint. The union appealed claiming that the amended complaint added new and additional claims for relief, including a request for attorneys' fees, which required personal service under Fed.R.Civ.P. 5(a). In concluding that the claim for attorneys' fees constituted a new claim requiring personal service, this court considered prior cases assessing whether attorneys' fees motions fell within Fed.R.Civ.P. 59(e). In passing, the court said:
 While we have found no court of appeals decision concerning whether a request for attorney's fees is "a new or additional claim for relief" under Rule 5, Fifth Circuit cases hold that a request for attorney's fees is not a motion to amend a judgment under Rule 59(e) when a statute authorizes a court to grant attorney's fees as costs, Knighton v. Watkins, 616 F.2d 795 (5th Cir.1980); accord, White v. New Hampshire Department of Employment Security, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), but is a motion to alter or amend a judgment on an equitable award based on bad faith, Stacy v. Williams, 446 F.2d 1366 (5th Cir.1971), the theory being that a motion to allow attorney's fees under an equitable doctrine is not the correcting of a mere clerical mistake but the granting of new substantive relief, Stacy, while a motion for attorney's fees when a statute authorizes them merely seeks what is due because of the judgment. Knighton.
 674 F.2d at 1368-69 (footnote deleted). Although this passage is ambiguous, one interpretation is that a motion for non-statutory attorneys' fees falls under Rule 59(e). Such a conclusion would conflict with White v. New Hampshire, however, which squarely held that Fed.R.Civ.P. 59(e) is applicable for the correcting of a mistake, but is not applicable for a claim for new substantive relief.
 The rationale for the Varnes holding was that the Labor-Management Relations Act, 29 U.S.C. sec. 185(a), does not provide for statutory attorneys' fees, that Varnes' claim for attorneys' fees was equitable and non-statutory, and that the union was entitled to personal service of this new claim since the statute itself gave no notice. We thus conclude that Varnes is not a precedent for this case.
 
 
 [8]
 Fee requests should, of course, be made in accordance with local court rules explicitly governing such requests