817 F.2d 1533
 7 Fed.R.Serv.3d 1263
 LOMAN DEVELOPMENT COMPANY, INC., Plaintiff-Counterclaimant
Defendant-Appellant,
v.
DAYTONA HOTEL AND MOTEL SUPPLIERS, INC., Ernest L. Perri and
Betty Perri, Defendants-Counterclaimants Appellees,
Bruce Perri, et al., Defendants-Appellees.
 No. 86-8487.
 United States Court of Appeals,
Eleventh Circuit.
 June 1, 1987.
 
 Wilson R. Smith, Vidalia, Ga., for plaintiff-counterclaimant defendant-appellant.
 James V. Hilburn, Dublin, Ga., for defendants-counterclaimants appellees.
 Appeal from the United States District Court for the Southern District of Georgia.
 Before HILL and JOHNSON, Circuit Judges, and HENLEY*, Senior Circuit Judge.
 HENLEY, Senior Circuit Judge:
 
 
 1
 In an action for breach of contract appellant Loman Development Company, Inc. (Loman) obtained a default judgment against two of the appellees, Janyth Cich and Bruce L. Perri. The defaulting defendants' motion for relief from the judgment, Fed.R.Civ.P. 60(b), was denied and the judgment was thereafter satisfied. Months later Loman moved to amend the default judgment, Fed.R.Civ.P. 59(e), and for summary judgment, Fed.R.Civ.P. 56, against the defaulting defendants in an attempt to obtain attorney's fees for prosecuting the action as provided for by a clause in the parties' contract. The district court[1] denied Loman's motion and dismissed Loman's action against the remaining non-defaulting defendants.
 
 
 2
 On appeal Loman raises two issues: (1) the default judgment was not a final judgment and was therefore subject to amendment; and (2) the district court erred in dismissing the claim for attorney's fees against the non-defaulting defendants. We affirm.
 
 
 3
 Loman commenced this action in October of 1983 seeking damages of $11,061.22 for breach of contract. Loman attempted to serve each of the named defendants by mail. See Fed.R.Civ.P. 4(c)(2)(C)(ii). Janyth Cich and Bruce L. Perri acknowledged receipt of the summons and complaint, but failed to interpose an answer. On January 9, 1984 the district court granted Loman's motions for default judgment. (Although a separate default judgment was entered against each defendant, for ease of discussion we will at times use the singular.) Judgment was entered in favor of Loman and against Janyth Cich and Bruce L. Perri in the amount of $11,061.22 principal, $2,000.00 attorney's fees[2] together with costs of the action. The judgment was filed on January 17, 1984.
 
 
 4
 In February the remaining defendants were personally served with process and they submitted timely answers to Loman's complaint. On March 5, 1984 the defaulting defendants filed a motion for relief from the judgment. See Fed.R.Civ.P. 60(b). During the pendency of this motion Loman began proceedings to execute on the defaulting defendants' property to satisfy the judgment. The district court granted the defaulting defendants' motion to stay execution. Loman also, and perhaps belatedly, became aware that the contract contained a clause authorizing an award of attorney's fees. Loman's motion to amend its complaint to add a reference to this provision was granted by the court on August 16, 1984. The defaulting defendants' motion for relief was denied on October 5, 1984. Sometime in late November the defaulting defendants tendered a check to Loman for the full amount of the judgment together with interest. Loman filed a satisfaction of judgment on December 13, 1984.
 
 
 5
 Believing it was entitled to additional attorney's fees under the terms of the contract for the litigation following the entry of default judgment, Loman on June 4, 1985 moved for summary judgment and an amendment of the default judgment against the defaulting defendants.[3] On September 5, 1985 the motion to amend the default judgment was denied. The district court denied the motion for summary judgment on December 5, 1985. In that order the district court stated that the only remaining issue in the case was Loman's claim for attorney's fees against the non-defaulting defendants. The court scheduled a hearing to resolve this issue. In the interim Loman again moved to amend the default judgments or to certify an interlocutory appeal. On May 27, 1986 the district court denied Loman's motions. The court also dismissed Loman's claims against the non-defaulting defendants. This appeal followed.
 
 
 6
 In directing the entry of judgment against the defaulting defendants the district court did not certify that there was no just reason for delay in the entry of judgment. Without that certification, a judgment affecting "one or more but fewer than all of the claims or parties" is not final and "is subject to revision at any time...." Fed.R.Civ.P. 54(b). At the time the judgment was entered it adjudicated all of Loman's claims against the defaulting parties, but it did not resolve the claims against the remaining non-defaulting defendants. However, the non-defaulting defendants had not yet been served with process.[4] Accordingly, for the purposes of Rule 54, the unserved defendants were not yet "parties" and no certification was necessary for the judgment to become final.[5] See Bristol v. Fibreboard Corp., 789 F.2d 846, 847-48 (10th Cir.1986); Patchick v. Kensington Publishing Corp., 743 F.2d 675, 677 (9th Cir.1984); Leonhard v. United States, 633 F.2d 599, 608-09 (2d Cir.1980), cert. denied, 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981); United States v. Studivant, 529 F.2d 673, 674 n. 2 (3d Cir.1976). The district court properly denied Loman's motion to amend the default judgment because it was not timely. See Fed.R.Civ.P. 59(e).
 
 
 7
 Loman's motion for attorney's fees is collateral to its main cause of action and need not be made within the strict ten-day period of Rule 59. White v. New Hampshire Department of Employment Security, 455 U.S. 445, 451-52, 102 S.Ct. 1162, 1166-67, 71 L.Ed.2d 325 (1982). Fee requests must, however, be made within a reasonable period of time after the final judgment. Gordon v. Heimann, 715 F.2d 531, 539 (11th Cir.1983). The Supreme Court and this circuit have both intimated that the establishment of timeliness standards is best left to the district courts through the adoption of local rules. White, 455 U.S. at 454 & nn. 16 & 17, 102 S.Ct. at 1167-68 & nn. 16 & 17; Gordon, 715 F.2d at 539 n. 8. The district court in which this action was venued has adopted such a rule.[6]
 
 
 8
 Somewhat understandably, following the default judgment Loman did not file a motion within the time specified by the local rule because it had already received a substantial award of attorney's fees. Following the default judgment, Loman incurred additional fees defending against a Rule 60(b) motion for relief from default. This motion was decided in Loman's favor on October 5, 1984. Although the local rule is not entirely clear in this situation, a fair reading of the rule may suggest that because the denial of a Rule 60(b) motion is also an appealable final order, another motion for additional attorney's fees could be made following its resolution. Loman did not make such a motion until eight months later. The district court did not err in denying the motion for additional attorney's fees because it was made well beyond the time permitted. See U.S. Dist.Ct., So.Dist. of Ga., Local Rule 11.2(b).[7]
 
 
 9
 Loman also appeals the dismissal of its claim against the non-defaulting defendants. Loman characterizes this as a decision sua sponte by the district court without prior notice to the litigants. This is not entirely true. In its order of September 5, 1985 denying Loman's motions for additional attorney's fees against the defaulting parties, the court noted that the only issue that remained was Loman's claim for attorney's fees from the non-defaulting defendants. Loman was therefore well aware that the purpose of the hearing scheduled for January 23, 1986 was to dispose of its remaining claim for attorney's fees against the non-defaulting defendants. This determination was, however, initiated by the district court. "A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Department of the Treasury, 644 F.2d 1341, 1345 (9th Cir.), cert. denied, 454 U.S. 895, 102 S.Ct. 393, 70 L.Ed.2d 210 (1981). This is particularly true when the remaining issue is a claim for attorney's fees because the award is largely discretionary with the court. See Gregg, 715 F.2d at 1542.
 
 
 10
 Paragraph T of the contract authorizes an award of attorney's fees: "In connection with any litigation arising out of this contract, the prevailing party shall be entitled to recover all costs incurred including reasonable attorney's fees." (Emphasis supplied.) Loman cannot recover attorney's fees from the non-defaulting defendants until after it prevails on the merits. See White, 455 U.S. at 451, 102 S.Ct. at 1166. Here, Loman cannot prevail against the non-defaulting defendants because it has received the full amount it sued for from the defaulting defendants. Therefore the underlying debt has been extinguished as to all the defendants and Loman cannot maintain an action on that same debt against the non-defaulting defendants. See 2 S. Williston, A Treatise on the Law of Contracts Sec. 332 at 681-82 (3d ed. 1959) (footnotes omitted); Walker v. U-Haul Co., 300 So.2d 289, 291 (Fla.Dist.Ct.App.1974). Before Loman can be a prevailing party for an award of attorney's fees under paragraph T it must be a prevailing party on some other portion of the contract. Because Loman's sole contractual claim pleaded in its complaint has been reduced to judgment and that judgment satisfied, the claim is extinguished. Thus, as indicated, Loman cannot prevail against the non-defaulting parties and is not entitled to an award of attorney's fees.
 
 
 11
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable J. Smith Henley, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 [1]
 The Honorable Dudley H. Bowen, Jr., United States District Judge, Southern District of Georgia
 
 
 [2]
 No hearing was held to determine the basis or reasonableness of the award of attorney's fees. Loman simply asserted a claim for attorney's fees in its complaint, motion for default judgment, and proposed judgment submitted to and ultimately signed by the court. Loman also specified the amount but was unable to explain to this court at oral argument how that amount was arrived at
 
 
 [3]
 Loman's counsel stated at oral argument that he utilized both motions because he was unsure of the procedure to follow in federal court to obtain the additional attorney's fees and did not want to make an inadvertent error
 
 
 [4]
 The non-defaulting parties had been served by mail as had the defaulting defendants. The non-defaulting defendants never acknowledged receipt of service by mail and service had therefore not been effectuated at the time the default judgments were entered. See Fed.R.Civ.P. 4(c)(2)(C)(ii)
 
 
 [5]
 The finality of which we speak is finality for the purpose of considering a later motion to amend the judgment. We express no opinion as to whether the judgment was final, at that time, for the purpose of appeal
 
 
 [6]
 11.2 Attorney's Fees: If a final judgment, including a judgment made final under Fed.R.Civ.P. 54(b), does not determine (or establish other procedures for determining) the amount of attorney's fees which are authorized by statute to be awarded by the Court to or on behalf of a prevailing party or which may be sought under the equitable or inherent powers of the court, the following procedures shall apply:
 (a) The award of such fees (and expenses incident thereto not ordinarily allowable as taxable costs) shall be requested by special written motion addressed to the court and shall not be included in a cost bill, in a motion for taxation or retaxation of costs, or in a motion under Fed.R.Civ.P. 50(b), 52(b) or 59.
 (b) The motion shall be filed with the Clerk of the Court and served under Fed.R.Civ.P. 5 upon the parties against whom the award is sought at least ten (10) days prior to the expiration of the time within which such opposing parties can file a timely notice of appeal from the judgment under F.R.A.P. 4(a)(1, 3-6).
 (c) The motion shall specify the judgment and the statute or other grounds on the basis of which entitlement to the award is claimed and shall state the amount (or provide a fair estimate of the approximate amount) of the fees and expenses sought. Within 30 days (or such other period as the Court may prescribe) after filing the motion, the movant shall file and serve a detailed specification and itemization of the requested award, with appropriate affidavits and other supporting documentation.
 (d) Hearings on the motion shall be conducted by the Court in accordance with Fed.R.Civ.P. 43(e) and 78 and with applicable statutory and decisional standards and principles.
 (e) Pendency of a motion filed under this rule does not extend the time for appealing from, or for filing a motion under Fed.R.Civ.P. 50(b), 52(b) or 59 directed to the judgment giving rise to the claim for attorney's fees, but may be taken into consideration by the Court in ruling under a motion for extension of time for appealing filed under F.R.A.P. 4(a)(5).
 U.S.Dist.Ct., So.Dist. of Ga., Local Rule 11.2
 Neither the appellant nor the appellees made reference to this rule in their briefs. Attorneys who practice before a district court without familiarizing themselves with the court's local rules do so at their own peril. Loman's counsel professed ignorance as to the proper procedure to follow in requesting attorney's fees. Copies of the district courts' local rules and the appellate courts' local rules are readily available in the appropriate court clerks' offices throughout the country.
 
 
 [7]
 A district court may also "decline to award attorney's fees authorized by a contractual provision when it believes that such an award would be inequitable and unreasonable." Cable Marine, Inc. v. M/V Trust Me II, 632 F.2d 1344, 1345 (5th Cir. Unit B 1980); Gregg v. U.S. Industries, Inc., 715 F.2d 1522, 1542 (11th Cir.1983), cert. denied, 466 U.S. 960, 104 S.Ct. 2173, 80 L.Ed.2d 556 (1984). The district court's final order in this case suggests that it believed Loman had already been adequately compensated for its attorney's fees