**In re The CHARTER COMPANY, et al., Debtors.**

**CHARTER INTERNATIONAL OIL COMPANY, and Charter Crude Oil Company, Plaintiffs,**

v.

**EXXON COMPANY, U.S.A., A DIVISION OF EXXON CORPORATION, Defendant.**

**Bankruptcy No. 88–810–Civ–J–14.**

United States District Court, M.D. Florida, Jacksonville Division.

July 18, 1989.

James H. Post and Raymond R. Magley, Smith & Hulsey, Jacksonville, Fla., for plaintiffs.

Hywel Leonard and Robert L. Ciotti, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, Fla., for defendant.

## OPINION AND ORDER

SUSAN H. BLACK, District Judge.

### I. *Background*

This case came on to be heard on Plaintiffs' Motion For Attorneys' Fees, filed May 19, 1989. The defendant filed a response in opposition to the motion on June 19, 1989. The Court heard oral argument on June 26, 1989.

On this motion Charter International Oil Company [hereinafter "CIOC"] and Charter Crude Oil Company [hereinafter

"CCOC"] seek a total of $213,199.00 as attorneys' fees in this litigation to be divided between the two entities. At oral argument Exxon agreed that the hourly rate and the number of hours expended by counsel for CIOC and CCOC are reasonable, and that the total sum of $213,199.00 is a reasonable fee in this case. Exxon argues, however, that CIOC and CCOC cannot obtain attorneys' fees in this case pursuant to 28 U.S.C. § 157(c), because CIOC and CCOC neither objected to the absence of an attorneys' fee award in the bankruptcy court's Report and Recommendation, and CIOC and CCOC failed to move for this Court to amend its judgment within ten days of the entry of the judgment pursuant to Fed.R.Civ.P. 59(e).

The Court finds that the parties have agreed to the following facts: First, CIOC and CCOC's Amended Complaints filed in the bankruptcy court on June 11, 1987, contained prayers for attorneys' fees in this action. Second, the parties did not raise the issue of attorneys' fees in any proceeding conducted in the bankruptcy court. Third, the Report and Recommendations and the proposed judgments filed by the bankruptcy court did not address the issue of attorneys' fees. Fourth, CIOC and CCOC moved for attorneys' fees later than ten days but within thirty days of the entry of judgment in this case.

### II. *Fed.R.Civ.P. 59(e)*

In *Gordon v. Heimann*, 715 F.2d 531, 537 (11th Cir.1983), the court of appeals stated that where the recovery of attorneys' fees was collateral to the main action, a party seeking attorneys' fees did not have to move to amend the judgment to include attorneys' fees pursuant to Fed.R. Civ.P. 59(e). The Court observed that attorneys' fees requests could be made in the initial complaint, in an answer, in a motion to amend judgment, in undifferentiated motions in the course of or after litigation, or in a separate action. *Id.* at 534.

Likewise, an award of attorneys' fees under Texas law is collateral to the underlying contract dispute. *See Huff v. Fidelity Union Life Insurance Company*, 158 Tex. 433, 312 S.W.2d 493 (1958). In this

case, the main action was based on breach of contract and the merits of that action are factually and legally separate from the question of whether attorneys' fees are available under the Texas statute. Accordingly, CIOC and CCOC face no bar under Fed.R.Civ.P. 59(e).

The Court will finally note that the motion was timely under Rule 4.18, Local Rules Of The United States District Court For The Middle District Of Florida which requires that motions for attorneys' fees be filed within thirty days after the entry of judgment, not within the ten-day period of Fed.R.Civ.P. 59(e).

### III. 28 U.S.C. § 157(c)

█ As to whether or not 28 U.S.C. § 157(c) creates a bar to plaintiff's recovery of attorneys' fees, the Court is persuaded that the collateral nature of the attorneys' fees request, the absence of any prejudice to Exxon, the need for efficient administration of justice and compliance with 27 U.S.C. § 157(c) permit the Court to address the motion for attorneys' fees.

### A. Collateral Nature Of The Fee Request

Except for CIOC and CCOC's initial prayer in their Amended Complaints, they made no mention of attorneys' fees until the present motion. If CIOC and CCOC had not prayed for attorneys' fees in their initial complaints, because of the collateral nature of the attorneys' fees to this case, CIOC and CCOC could have instituted an independent action for attorneys' fees under the Texas Statute. *Gordon v. Heimann*, 715 F.2d 531, 537 (11th Cir.1983). This Court will not penalize Exxon for reasonably including the attorney fee request in the initial complaints while waiting until final judgment before raising the collateral issue of attorneys' fees. The inclusion of an attorneys' fee request in a complaint is common practice, as is waiting until the entry of final judgment before a motion for attorneys' fees is filed. Although the Court finds that the plaintiff could have raised the attorneys' fee question before the bankruptcy court, such an action may

have been premature and inefficient. *See infra.*

### B. Prejudice

The Court also finds that Exxon will suffer no prejudice by the Court's permitting CIOC and CCOC to assert their attorneys' fees claims. Whether or not attorneys' fees were addressed by the bankruptcy court in the Report and Recommendation, Exxon would have had to pay the same amount. Exxon has suffered no harm from CIOC and CCOC's silence on the issue of attorneys' fees. Permitting CIOC and CCOC's silence as to the issue of attorneys' fees during proceedings in the bankruptcy court and in filing objections to constitute a waiver of the right to seek attorneys' fees, would visit a windfall on Exxon and should be disfavored.

### C. Efficient Administration Of Justice

Finally, although the Court agrees with Exxon that it would have been possible for the bankruptcy court to have addressed a motion for attorneys' fees and to have included the disposition of that issue in the Report and Recommendation and proposed judgment, the bankruptcy court's proposed judgment would have been speculative as to the amount of fees that the parties expended on filing objections in the district court. Furthermore, the bankruptcy court's proposed judgment as to attorneys' fees could itself be rendered moot if the district court were to disagree with any of the conclusions of the bankruptcy court. This Court finds that it would be more efficient to obtain a judgment on the merits in the district court and thereafter to proceed to the issue of attorneys' fees. At that time, the district court could remand the issue to bankruptcy court for resolution of any factual questions or, as in this case, proceed to judgment on the stipulation of the parties.

### D. Compliance With 28 U.S.C. § 157(c)

█ The Court also believes that the procedure followed in this case was acceptable and not outside the purview of 28 U.S.C. § 157(c)'s contemplation. This Court believes that 28 U.S.C. § 157(c) was intended to dispose of the merits of noncore proceedings through the mechanism of a Report and Recommendation and *de novo* review

by this Court. That statute does not on its face contemplate that all collateral matters which are normally addressed post judgment be addressed in the Report and Recommendation. If, however, matters arise in the district court after the judgment that require factual development, the Court could then remand the case to the bankruptcy court. Such might be the case where the parties dispute the amount of the fee award. In this case, remand for further proceedings is unnecessary because the parties have stipulated that the amount claimed by plaintiffs is reasonable.

### E. Conclusion

The Court finds that 28 U.S.C. § 157(c) should not be read mechanically but with an eye to judicial economy, efficiency, and fairness. Whether or not a collateral matter such as attorneys' fees should be considered by the bankruptcy court in the first instance or by this Court after judgment has been entered, is a question that the courts may address on a case by case basis. 28 U.S.C. § 157(c) does not preclude such a practice. The Court stresses that this practice in no way creates an open-ended right to relitigate claims that have already been litigated in the bankruptcy court or to raise claims that have been waived that should have been raised in the bankruptcy court. This holding is limited to those few matters that are deemed "collateral" to the main action and are more efficiently considered by the Court after judgment on the merits has been entered.

Accordingly, it is

ORDERED:

1. That Plaintiffs' Motion For Attorneys' Fees, filed May 19, 1989, is granted.

2. That pursuant to this Opinion, the Clerk of Court shall enter a single judgment for CCOC and against Exxon in the amount of $106,500 for attorneys' fees; and for CIOC and against Exxon in the amount of $106,500 for attorneys' fees.

DONE AND ORDERED.