**Helen VARNES, Plaintiff-Appellee,**

v.

**LOCAL 91, GLASS BOTTLE BLOWERS ASSOCIATION OF the UNITED STATES AND CANADA, Defendant-Appellant.**

**No. 80–5908.**

United States Court of Appeals, Eleventh Circuit.

May 6, 1982.

William H. Maness, Jacksonville, Fla., for defendant-appellant.

Albert J. Datz, Jacksonville, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, RONEY and WOOD *, Circuit Judges.

GODBOLD, Chief Judge:

Local 91, Glass Bottle Blowers Association, seeks relief from a default judgment entered upon an amended complaint. We hold that there was improper service of process of the amended complaint and reverse.

## FACTS

Appellee Varnes filed suit in June 1978 against her employer, Anchor Hocking, and her union, Local 91, after Anchor Hocking discharged her for excessive absenteeism. The complaint alleged that Anchor Hocking breached a collective bargaining agreement by discharging Varnes and that Local 91 breached the same agreement by refusing to arbitrate her discharge. Copies of the complaint and summons were duly served on Anchor Hocking and on Local 91. Anchor Hocking moved to dismiss the complaint because it did not allege that Varnes had exhausted her contractual remedies. The union filed no response to the complaint. On August 16 the court dismissed the complaint with leave to amend. Varnes filed an amended complaint August 30, and it was served by mail. Anchor Hocking answered. Again Local 91 did not respond. A clerk's default was entered against Local 91 on October 25, 1978.

Negotiations and arbitration proceedings were conducted during the following months, and an arbitrator awarded Varnes reinstatement with full seniority but without backpay. When Varnes returned to work in October 1979, almost a year after the default was entered, Anchor Hocking classified her as a "trainee" despite her 18 years seniority and notwithstanding the terms of the arbitrator's award. Varnes quit after unsuccessfully trying to get Local 91 to proceed against Anchor Hocking to require it to comply with the award.

Pending the results of the arbitration Varnes did not act to reduce to a final judgment the default entered against the union. After quitting her job she voluntarily dismissed with prejudice her action against Anchor Hocking and proceeded against Local 91 for assessment of damages on the default. The union did not appear, and the district court, in March 1980, entered final judgment against it in the amount of $19,581.68. Local 91 filed motions under F.R.Civ.P. 60(b) [1] for relief from the judgment and for rehearing and reconsideration. The district court denied both motions.

Local 91 argues that the district court should have granted it relief under several subsections of Rule 60(b): under 60(b)(1) for excusable neglect because its president did not inform its attorneys or anyone else in the union of the lawsuit; under 60(b)(4) for a void judgment because Varnes failed to serve her amended complaint in accordance with F.R.Civ.P. 4 and 5; under 60(b)(3) for fraud, misrepresentation or other misconduct of an adverse party because Varnes did not call material facts to the court's attention; under 60(b)(5) for prior release and discharge because Varnes dis-

* Honorable Harlington Wood, Jr., U. S. Circuit Judge for the Seventh Circuit, sitting by designation.

1. F.R.Civ.P. 60(b) reads in part:
   *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, ... or (6) other reason justifying relief from the operation of the judgment.

missed as to Anchor Hocking; and under 60(b)(6) for other reasons justifying relief from the operation of the judgment, specifically because Varnes is estopped to assert a claim against Local 91 after participating in the arbitration and because the damages were so grossly excessive as to constitute a fraud on the court.

We hold that the judgment entered against the union was void because the amended complaint was required to be personally served upon the union and was not so served, and thus the district court erred in not granting relief to the union under Rule 60(b)(4).

## DISCUSSION

### A.

F.R.Civ.P. 5(a) reads in part:

No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4.

Rule 4 requires personal service.[2] The amended complaint was mailed to Local 91. If it contained "new or additional claims for relief" then Rule 5(a) required personal service pursuant to Rule 4.[3] Local 91 says that there are three "new or additional claims for relief" contained in the amended complaint: (1) the amended complaint itself constitutes a new claim since the original complaint was dismissed, (2) the amended complaint alleges a conspiracy that was not alleged in the original complaint,[4] and (3) the amended complaint added a claim for attorney's fees. We hold that the claim for attorney's fees constitutes a new or additional claim for relief.

Rule 4, and Rule 5(a) as it applies to parties in default for failure to appear, reflect a policy that a defendant should receive notice of all claims for relief upon which a court may enter judgment against him. Formal personal service impresses upon a defendant that judicial process has been invoked to effect a coercive remedy against him. Whether the notice be that an action has commenced or that the moving party has added a new or additional claim for relief against a party in default for failure to appear, the need for notice is the same.

While we have found no court of appeals decision concerning whether a request for attorney's fees is "a new or additional claim for relief" under Rule 5, Fifth Circuit cases[5] hold that a request for attorney's fees is not a motion to amend a judgment

---

**2.** Service upon an officer or agent of a labor organization, in his capacity as such, constitutes service upon the labor organization. 29 U.S.C. § 185(d) (1976).

**3.** Rule 5(a) applies to "parties in default for failure to appear." The term distinguishes between defaulting parties who have made a special or general appearance and those who failed to appear at all. A court need not have adjudicated a party as being "in default." Thus a party failing to appear is a party "in default for failure to appear." *See* 2 Moore's Federal Practice ¶ 5.05 (2d ed. 1981); 4 Wright & Miller Federal Practice and Procedure: Civil § 1146 (1969).

**4.** The original complaint and the amended complaint both label this action as one for "breach of contract under 29 U.S.C.A. Section 185, Section 301(a) of the National Labor Relations Act, as amended, and for breach of the union's duty of fair representation." Paragraph 6 of the amended complaint states:

Plaintiff was not even notified by the union of the "final stage" meeting on her grievance, and found out about it in a round-about manner through other employees. Defendants have been working together and have worked together and conspired together to effect the wrongful termination of the plaintiff.

Because of our holding we do not need to decide whether paragraph 6 constitutes a "new or additional claim for relief" or is merely an allegation of events.

**5.** Decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, are binding as precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

under Rule 59(e) when a statute authorizes a court to grant attorney's fees as costs, *Knighton v. Watkins*, 616 F.2d 795 (5th Cir. 1980); *accord, White v. New Hampshire Department of Employment Security*, —— U.S. ——, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), but is a motion to alter or amend a judgment on an equitable award based on bad faith, *Stacy v. Williams*, 446 F.2d 1366 (5th Cir. 1971), the theory being that a motion to allow attorney's fees under an equitable doctrine is not the correcting of a mere clerical mistake but the granting of new substantive relief, *Stacy*, while a motion for attorney's fees when a statute authorizes them merely seeks what is due because of the judgment. *Knighton*. Applying this analysis to Rule 5, the request for attorney's fees in our case states "a new or additional claim for relief."

■ The Labor Management Relations Act does not authorize the granting of attorney's fees for violations under § 301(a) of the Act (29 U.S.C. § 185(a)), but a court can grant attorney's fees under its equity power if a party violates § 301(a) in bad faith, vexatiously, wantonly or for oppressive reasons, *District 50, U.M.W. v. Bowman Transportation, Inc.*, 421 F.2d 934 (5th Cir. 1970) (per curiam); *Local 149 v. American Brake Shoe Co.*, 298 F.2d 212 (4th Cir. 1962). The request for attorney's fees in this case, then, is based on equitable and not statutory grounds. Local 91 as a matter of basic fairness, therefore, ought to know that it may be held liable for them. The Federal Rules of Civil Procedure anticipate that Local 91, if given proper notice that Varnes sought attorney's fees, could have resorted to discovery and other pretrial procedures "to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues." *Conley v. Gibson*, 355 U.S. 41, 47–48, 78 S.Ct. 99, 102–103, 2 L.Ed.2d 80, 85 (1957) (footnote omitted). The claim for attorney's fees in the amended complaint, therefore, is "a new or additional claim for relief" under Rule 5(a). This being so, the amended complaint had to be served on parties in default for failure to appear in the manner provided by Rule 4.

### B.

■ Varnes offers two reasons to avoid the consequence of failure to serve the amended complaint. First, she did not seek to prove attorney's fees and the court did not award her any. The concern of Rules 4 and 5(a) is notice to the defendant of claims for relief. With this new information the defendant is entitled to take a position on the new claim for relief: to move for a more definite statement (Rule 12(e)), to move to strike portions of the pleading (Rule 12(f)), to move for judgment on the pleadings (Rule 12(c)), to invoke pretrial procedures (Rule 16), to utilize depositions and discovery (Rules 26–37), to move for summary judgment (Rule 56), to deny or admit the averments (Rule 8(b)), to set forth affirmative defenses (Rule 8(c)), to counter-claim or cross-claim (Rule 13), or to implead a third-party defendant after answering the complaint (Rule 14). The defendant is entitled to make these strategy decisions following notice of the new or additional claim for relief, irrespective of whether upon hindsight plaintiff has actively pursued that claim. To facilitate this process Rule 5(a) requires the complaint be personally served pursuant to Rule 4 once the amended complaint asserts a new or additional claim for relief.

■ Furthermore, default judgments are disfavored. Courts prefer adjudication on the merits. *See Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981). Since this case involves a default judgment there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment. In promulgating Rule 5(a) and Rule 4 requiring personal service of pleadings asserting new or additional claims for relief on parties in default for failure to appear, the Supreme Court made no exception where the amending

party does not actively seek the additional claim or where a court does not grant the requested relief. Neither do we.

### C.

Second, Varnes asserts it is of no consequence that there could be no valid judgment on the amended complaint because the final judgment was based upon the allegations and requested relief in the original complaint. We have held above that no default could issue on the amended complaint against the union because it was not properly served. We now hold that no default could issue on the original complaint either.

■ The district court, with Varnes' consent, dismissed the original complaint for failure to state a claim upon which relief could be granted, and granted Varnes 20 days leave to amend. Varnes drafted the order of dismissal and filed the amended complaint. Varnes was not barred, by consenting to the dismissal and filing the amended complaint, from raising on appeal the correctness of the dismissal order, *Wilson v. First Houston Investment Corp.*, 566 F.2d 1235, 1238 (5th Cir. 1978), *vacated on other grounds*, 444 U.S. 959, 100 S.Ct. 442, 62 L.Ed.2d 371 (1979), nor should she be

denied a trial on the merits because of an improper pleading that can be corrected by amendment, *see McLain v. Real Estate Board, Inc.*, 444 U.S. 232, 100 S.Ct. 502, 62 L.Ed.2d 441 (1980); *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). However, she should not be able to engraft necessary portions of the amended complaint onto the original complaint to perfect the original complaint or have a court reinstate a dismissed complaint[6] for the sole purpose of legitimating a clerk's default; yet that is what Varnes asks this court to do.

Whether or not the original complaint stated a claim upon which relief could be granted,[7] and even though Local 91 admittedly was not aware of the proceedings and therefore arguably suffered no prejudice because of the dismissal and amendment, the equities disfavor Varnes. She consented to the dismissal. She drafted the dismissal order and did not limit the dismissal to Anchor Hocking.[8] Moreover, the reason given for dismissal of the complaint against Anchor Hocking, if valid, also required dismissal of the complaint as to Local 91. Furthermore, the union did not default because of persistent refusals to appear or "multifarious manipulations" to avoid reso-

---

**6.** As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading. *Wilson v. First Houston Investment Corp., supra.* Because the district court dismissed the complaint we need not decide at what point an amended complaint supersedes the original complaint: when it is filed, *Hutchins v. Priddy*, 103 F.Supp. 601 (W.D.Mo.1952), or when it is served, *International Controls Corp. v. Vesco*, 556 F.2d 665 (2d Cir. 1977); or if, when there are multiple defendants, whether there can be two complaints charging all defendants, with the original complaint effective as to some defendants and the amended complaint effective as to the others; and, if not, whether it is the original complaint that stays effective until the amended complaint is effective as to all parties or whether the filing of the amended complaint or its service on any one defendant nullifies the original complaint.

**7.** The complaint alleged that a collective bargaining contract existed between the defendants, that Varnes was an employee of Anchor

Hocking, that Anchor Hocking discharged her in violation of the collective bargaining agreement, that she demanded of both defendants that her discharge be arbitrated in accordance with the contract and both refused to comply, that the union "failed and continues to fail and refuse to properly represent" Varnes, and that she suffered damages as a result of defendants' wrongs. For arguments pro and con concerning the efficacy of this complaint see *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Conley v. Gibson*, 355 U.S. 41, 2 L.Ed.2d 80 (1957); *Rabalais v. Dresser Industries, Inc.*, 566 F.2d 518 (5th Cir. 1978); *Mumford v. Glover*, 503 F.2d 878 (5th Cir. 1974); *Brown v. U.A.W.*, 512 F.Supp. 1337 (W.D.Mich. 1981); *Brookins v. Chrysler Corp.*, 381 F.Supp. 563 (E.D.Mich.1974); *Sedlarik v. General Motors Corp.*, 54 F.R.D. 230 (W.D.Mich.1971).

**8.** *Compare* order of dismissal of only Anchor Hocking, with prejudice, granted October 1979.

lution of the case, *see, e.g., International Controls Corp. v. Vesco,* 556 F.2d 665 (2d Cir. 1977), but defaulted because the president of the union put the complaint in a plastic bag in his closet which, although inexcusable, did not amount to bad faith.

Finally, the federal rules favor a decision on the merits. *See, e.g., Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396 (5th Cir. 1981). Courts construe the federal rules in general and pleadings in particular to do substantial justice. Fed.R.Civ.P. 1, 8(f). In this case substantial justice mandates relieving the defendant from the default and allowing a decision on the merits.

We REVERSE the judgment of the district court with directions to VACATE the default against Local 91 and to allow Local 91 20 days within which to plead after service of a copy of the amended complaint.