### In re DOMESTIC FUEL CORP. and Henry F. Raab, Inc., Debtors.

### DOMESTIC FUEL CORP., Plaintiff,

### v.

### MARINE MIDLAND BANK, N.A. and Angelo P. Rainaldi, Defendants.

Bankruptcy Nos. 87 B 20003, 87 B 20004.

Adv. No. 87 6020.

United States Bankruptcy Court, S.D. New York.

June 25, 1987.

---

See also, Bkrtcy., 71 B.R. 734.

Sitomer & Odesser, P.C., New York City, Special Litigation Counsel for debtor; Gary J. Langer, of counsel.

Aronwald & Pykett, White Plains, N.Y., for Angelo P. Rainaldi; Daniel Pykett, of counsel.

## DECISION ON ORDER TO SHOW CAUSE SEEKING ORDER TO VACATE A JUDGMENT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The debtor in this Chapter 11 case seeks to vacate a judgment entered by default against it on a counterclaim filed by Angelo P. Rainaldi, who intervened as a defendant in an adversary proceeding commenced by the debtor against Marine Midland Bank, N.A. ("Marine Midland"). The debtor has moved pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and argues among other things that "no service of Rainaldi's answer, counterclaim and cross-claim was ever effected on the [debtor]"; and therefore, the debtor did not default.

## FACTS

On January 6, 1987, Domestic Fuel Corp., a New York corporation, and Henry F. Raab, Inc., a wholly-owned New York subsidiary corporation of the debtor, filed with this court separate petitions for reorganiza-tion under Chapter 11 of the Bankruptcy Code. Both corporations continued in possession of their assets and managed their businesses in accordance with 11 U.S.C. § 1107 and 1108 of the Bankruptcy Code.

On the same day that its Chapter 11 case was commenced, the debtor, Domestic Fuel Corp., commenced an adversary proceeding against Angelo P. Rainaldi to rescind a stock purchase agreement which the debtor entered into with Rainaldi on June 25, 1985, pursuant to which the debtor agreed to purchase from Rainaldi all of the debtor's stock in two corporations, Henry F. Raab, Inc. of New York and Henry F. Raab, Inc. of Connecticut (the "Raab stock"). In accordance with the purchase transaction, the debtor agreed in writing to pledge the Raab stock with Marine Midland as escrow agent, to be held as security for the debtor's purchase obligation represented by a series of promissory notes in the total sum of $1,000,000 which the debtor delivered to Rainaldi with respect to the balance of the purchase price. The notes were to be paid in 120 equal monthly payments. The debtor paid only the interest due under the first three notes and made no payments of principal. The debtor seeks rescission of the purchase agreement and the return of all sums paid to Rainaldi on the ground that the agreement was entered into as a result of a mutual mistake or as a result of debtor's mistake and Rainaldi's fraud.

On February 27, 1987, this court entered an order, after notice and a hearing, lifting the automatic stay imposed under 11 U.S.C. § 362(a), because Rainaldi was not adequately protected. Thus, Rainaldi was permitted to proceed in any manner consistent with law to enforce his security in the pledged Raab stock. In re Domestic Fuel Corp., 70 B.R. 455, 460 (Bankr.S.D.N.Y. 1987).

On March 3, 1987, the debtor commenced an adversary proceeding against Marine Midland in order to obtain a turnover by Marine Midland of the pledged Raab stock. Marine Midland served and filed its answer on March 25, 1987 and raised as an affirmative defense that Rainaldi was a necessary party to the action.

On April 13, 1987, Rainaldi moved to intervene in the debtor's turnover action against Marine Midland. Rainaldi's moving papers contained a copy of his proposed answer which included a counterclaim against the debtor and a cross-claim against Marine Midland. At the adjourned hearing on April 28, 1987, Marine Midland sought to be released as a party and to be permitted to act merely as a stakeholder. This point was stipulated to by the parties and so ordered by the court. Rainaldi was allowed to intervene in the turnover proceeding commenced by the debtor since he asserted a right to retain the Raab stock as a result of the debtor's nonpayment of the balance of the purchase price. The court then directed that the debtor's turnover proceeding against Marine and Rainaldi, as an intervenor, be consolidated with the debtor's adversary proceeding against Rainaldi for a rescission of the purchase agreement with respect to the pledged Raab stock. The court then fixed June 2, 1987 as the trial date for the consolidated adversary proceedings.

Thereafter, Rainaldi brought on a hearing held on May 29, 1987, for an order imposing sanctions against the debtor for failure to comply with his demands for discovery. Rainaldi also sought a default judgment on his counterclaim to reclaim the Raab stock because the debtor failed to reply to Rainaldi's counterclaim, although more than thirty days had elapsed since he had mailed a proposed copy of the counterclaim to the debtor's counsel. The court granted Rainaldi's motion from the bench and imposed monetary sanctions against the debtor for ignoring Rainaldi's discovery requests. The court also granted Rainaldi's motion for a default judgment on his counterclaim to reclaim the Raab stock. This action was consistent with the court's previous order dated February 27, 1987, when Rainaldi established that he held a secured interest in the Raab stock and was entitled to relief from the automatic stay so that he could enforce his secured interest in the pledged stock.

On May 29, 1987, when the court granted Rainaldi's motion for a default judgment with respect to his counterclaim, to which there was no reply from the debtor, there had not yet been any order entered in accordance with the court's ruling on April 28, 1987 that Rainaldi was permitted to intervene in the debtor's adversary proceeding against Marine Midland. Additionally, Rainaldi had not filed with the court his original answer, counterclaim and cross-claim, although proposed copies of these pleadings had previously been included in his motion papers which were served on the debtor's counsel. Moreover, there was no affidavit of service on file with the court reflecting the fact that Rainaldi had intervened in the debtor's adversary action and had served the debtor with a copy of his answer, which contained a counterclaim against the debtor and a cross-claim against Marine Midland.

## DISCUSSION

The governing rule in this matter is Rule 5(d) of the Federal Rules of Civil Procedure, which is made applicable by Bankruptcy Rule 7005, and which states in relevant part as follows:

(d) Filing. All papers after the complaint required to be served upon a party shall be filed with the court either before service or within a reasonable time thereafter. . . .

The docket in this adversary proceeding reflects that Rainaldi never filed with the court his answer and counterclaim against the debtor after he was permitted to intervene in the debtor's adversary action against Marine Midland.

Had the court been apprised of the fact that Rainaldi had not filed his answer and counterclaim with the court when Rainaldi sought to obtain a default judgment against the debtor, based on the debtor's failure to reply to the counterclaim, the court would not have granted Rainaldi's motion. Rainaldi was entitled to sanctions because the debtor ignored his discovery requests. However, Rainaldi was not entitled to a default judgment on the basis of a counterclaim that was never of record in this court.

 

Accordingly, Rule 60(b) of the Federal Rules of Civil Procedure is applicable to the debtor's motion. The debtor is entitled to be relieved of the final judgment because of excusable neglect; the debtor's neglect to reply to the counterclaim is excusable because Rainaldi did not file his answer and counterclaim of record. There can be no default entered as to a pleading that does not exist on the court's docket. This is so because;

> default judgments are disfavored. Courts prefer adjudication on the merits. Since this case involves a default judgment there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment.

*Varnes v. Local 91, Glass Bottle Blowers Association of the United States and Canada,* 674 F.2d 1365, 1369 (11th Cir. 1982) (citation omitted).

The default in the instant case stems from the fact that the debtor's attorney did not reply to Rainaldi's proposed counterclaim because he took the position that Rainaldi must first serve and file his answer and counterclaim after being permitted to intervene in this adversary proceeding, and that, in any event, no reply was required. On the other hand, Rainaldi's attorney did not believe that he had to serve and file another copy of his answer and counterclaim because these pleadings had been included in his motion papers for leave to intervene which had been served on the debtor's counsel. Moreover, the debtor's counsel requested additional time to plead to the counterclaim, which was consented to by Rainaldi's counsel, so that he expected to receive the debtor's reply by the adjourned date. The misunderstanding between the attorneys should not deprive their clients of a determination on the merits. This point was stated recently by the Sixth Circuit Court of Appeals as follows:

> This is not a case in which intransigence of the parties has made a default judgment appropriate. Instead, the procedural difficulties which led to the default judgment resulted from a misunderstanding between the attorneys involved. Default judgments should not

be used to discipline attorneys; it is the client who suffers by being deprived of his day in court.

*Invst Financial Group, Inc. v. Chem-Nuclear Systems, Inc.,* 815 F.2d 391, 400 (6th Cir.1987).

CONCLUSIONS OF LAW

1. The court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(C) and (E).

2. The debtor's motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to vacate the default judgment entered against it by Angelo P. Rainaldi with respect to his counterclaim is granted.

3. Rainaldi shall file and serve his answer and counterclaim within five days of the order entered in this matter. The debtor shall file and serve his reply to the counterclaim within ten days after service of the answer and counterclaim.

4. The trial of the consolidated adversary proceedings shall commence on July 20, 1987 at 11:00 A.M.

IT IS SO ORDERED.