[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10808

Non-Argument Calendar

_____

SARETTA MILDRED GROSS,

Plaintiff-Appellant,

*versus*

UNITED PARCEL SERVICE,
TEAMSTERS LOCAL 728,

Defendants-Appellees,

TRUCK DRIVERS AND HELPERS LOCAL 728,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-01247-SEG

_____

Before WILSON, JORDAN, and LAGOA, Circuit Judges.

PER CURIAM:

This case involves a series of workplace-related disputes between Saretta Gross, various United Parcel Service (UPS) supervisors, and Teamsters Local 728 (the Union) (collectively, the Defendants). Among other things, Gross alleges that certain UPS supervisors subjected her to repeated sexual harassment. She further claims that these supervisors changed her employee records, withheld timecards, and submitted false write-ups. Gross asserts that, although she is a dues-paying Union member, its representatives failed to advocate for her over the course of the harassment and went so far as to falsify her grievance paperwork.

After receiving right-to-sue letters from the Equal Employment Opportunity Commission (EEOC), Gross proceeded pro se in the Northern District of Georgia with a panoply of claims against Defendants. After her motion for appointment of counsel was denied, Gross filed five different complaints over the course of seven months. When faced with dismissal of Gross's second amended complaint, the district court adopted the magistrate's recommendation, and found "no hesitation in labeling [her complaints] as

improper shotgun pleadings" that place "tremendous burden" on both the court and Defendants "to attempt to sort through and discern the specific claims that Defendants need to address and defend against." However, as a pro se litigant, the court granted Gross an opportunity to address these issues and provided guidance—including examples—of how to properly structure the complaint.

Gross subsequently filed her fourth amended complaint, which she organized into four counts.[1] The district court adopted the magistrate's recommendation and dismissed her federal claims with prejudice: the amended complaint still qualifies as a shotgun pleading, lacking adequate factual allegations via "a lengthy series of confusing, often conclusory, and largely tangential statements and events presented in a stream-of-consciousness style." Without the federal claims, the court then declined to exercise supplemental jurisdiction over her state law breach of contract claim, and dismissed without prejudice for lack of subject matter jurisdiction. She timely appealed.

On appeal, and proceeding with counsel, Gross challenges both the dismissal of her fourth amended complaint and denial of her motion for appointment of counsel. She makes three arguments. First, she contends that all five of her complaints, as

---

[1] (1) "Race Discrimination in Violation of Title VII Against (Both Defendants)"; (2) "Unlawful Retaliation in Violation of Title VII (Desperate Treatment) (Both Defendants)"; (3) "Age Discrimination in the employment Act of 1967, 29 U.S.C. 621 et seq, (ADEA) Teamsters local 728"; and (4) "Breach of Contract code section O.C.G.A, 13-6-14 (2010)." Doc. 66 at 20–27.

incorporated in the fourth amended complaint, sufficiently state a plausible claim for hostile work environment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*. Second, she alleges that the district court failed to construe her state breach of contract claim as a federal claim for breach of collective bargaining agreement and breach of union's duty of fair representation under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. Finally, she argues that her inability to comply with the district court's pleading directives demonstrates her need for appointment of counsel.

After thorough review of the record and parties' briefing, we affirm.

## I.    Title VII Claims

We review a district court's order granting a motion to dismiss de novo. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). However, we review the district court's dismissal of a complaint as a Rule 8 "shotgun" pleading for an abuse of discretion. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The district court does not abuse its discretion "so long as [its] choice does not constitute a clear error of judgment." *Henderson v. Ford Motor Co.*, 72 F.4th 1237, 1242 (11th Cir. 2023) (quotations omitted).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, so-called "shotgun" pleadings do not provide a short and plain statement of a claim

under Rule 8. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (per curiam). Such pleadings violate Rule 8 because "they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1322–23 (listing categories of shotgun pleadings, including complaints that: (1) are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; or (2) neglect to separate each cause of action or claim for relief into separate counts). Shotgun pleadings "waste scarce judicial resources, inexorably broaden[] the scope of discovery, wreak havoc on appellate court dockets, and undermine[] the public's respect for the courts." *Vibe Micro Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quotation marks omitted, alterations in original). A plaintiff's attempt to "incorporate[] by reference the factual allegations and legal claims in the two previous complaints and then pile[] on them a slew of claims stated in only the most conclusory fashion" constitutes a shotgun pleading. *Cook v. Randolph Cnty.*, 573 F.3d 1143, 1151 (11th Cir. 2009).

A district court can dismiss a complaint on shotgun pleading grounds under its "inherent authority to control its docket and ensure the prompt resolution of lawsuits." *Vibe Micro Inc.*, 878 F.3d at 1295 (quotations omitted). In such cases, we generally require the district court allow the litigant one chance to remedy the deficiency before dismissing the case with prejudice. *See id.* at 1296.

The Federal Rules further provide that "[a] party may amend its pleading once as a matter of course," and then requires "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2). While Rule 15 does not discuss the effect of an amended pleading on the previous pleading, the local rules instruct that "[i]n those instances where reproduction of the entire pleading as amended would be unduly burdensome, parties filing . . . an amendment to a pleading shall be permitted to incorporate relevant provisions of prior pleadings by reference." N.D. Ga. L.R. 15.1. An amended complaint supersedes the original unless it specifically refers to or adopts the earlier pleadings by reference. *See Roy v. Ivy*, 53 F.4th 1338, 1352–53 (11th Cir. 2022) (citing *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982)).

Pro se pleadings are held to a less stringent standard than those drafted by attorneys and will be liberally construed. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). But "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168–69 (quotations omitted). Even pro se litigants are required to comply with applicable procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam).

In the present case, Gross argues that the district court failed to consider all five of her complaints when dismissing her Title VII claims. She claims she incorporated all of them by reference, and when reviewed in the collective, plausibly state hostile work

environment and retaliation claims.  Defendants argue that Gross may not incorporate every allegation of every pleading previously filed into a final amended complaint, and the fourth amended complaint remains a shotgun pleading.

We find no error in the district court's dismissal of Gross's fourth amended complaint.  Gross's attempt to merge her four prior complaints fails both the district court's order and local rules' guidance on specific incorporation.  *See* N.D. Ga. L.R. 15.1.  As a result, the district court was within its discretion to conclude that her fourth amended complaint superseded all prior pleadings and limited its review therein.  *See Varnes*, 674 F.2d at 1370 n.6.  Indeed, Gross's attempt to incorporate every allegation contained in all four preceding complaints by writing (1) that she had filed a pro se complaint in 2021; (2) "A copy of those Charges of Discrimination has already been filed with the Court as well as the Original complaint, along with exhibits is in corporate [sic] herein by reference"; and (3) then referring to the same events as in her prior pleadings throughout, renders the fourth amended complaint a shotgun pleading.  *See Cook*, 573 F.3d at 1151.  Even under the leniency of a pro se standard, her fourth amended complaint still results in pleadings "replete with conclusory, vague, and immaterial facts" attached to legal labels that risk waste of judicial sources.  *Weiland*, 792 F.3d at 1322.  Therefore after affording Gross an opportunity to amend, the district court acted within its discretion to dismiss

Gross's fourth amended complaint with prejudice.[2]  *See Vibe Micro Inc.*, 878 F.3d at 1296.

## II.    Contract Claim

Next, we review a district court's decision to decline supplemental jurisdiction over a state law claim for an abuse of discretion. *Shotz v. City of Plantation*, 344 F.3d 1161, 1185 (11th Cir. 2003).

The LMRA authorizes federal actions for a "violation of contracts between an employer and a labor organization representing employees."  29 U.S.C. § 185(a).  To ensure the uniform interpretation of collective bargaining agreements, the LMRA "completely preempts state-law claims . . . that require the interpretation or application of a [collective bargaining agreement]."  *Atwater v. Nat'l Football League Players Ass'n*, 626 F.3d 1170, 1176 (11th Cir. 2010). Therefore, when the resolution of a state law claim is substantially dependent upon the terms of a collective bargaining agreement, the claim should be treated as a § 301 claim.  *See Bartholomew v. AGL Res., Inc.*, 361 F.3d 1333, 1342 (11th Cir. 2004).  We previously found that a complaint meets the requirements of Rule 8 even where it does not specifically mention a collective bargaining agreement, but where the "terms of the collective-bargaining agreement will determine whether the Union[] or the employer

---

[2] Moreover, the district court adopted the magistrate's finding that "the factual allegations of the Complaint, to the extent understandable, continue to fail to support any inference of . . . retaliation against protected activity."  We note that our judgment remains the same for dismissal under Federal Rule of Civil Procedure 12(b)(6) based upon the district court's well-reasoned opinion.

23-10808                Opinion of the Court                9

held those duties." *Sams v. United Food & Com. Workers Int'l Union, AFL-CIO, CLC*, 866 F.2d 1380, 1384–85 (11th Cir. 1989).

A hybrid claim exists where an employee sues their employer for breach of the collective bargaining agreement and the union for breach of its duty of fair representation. *See DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 164–65 (1983). Such claims operate under a six-month statute of limitations. *Bartholomew*, 361 F.3d at 1342. We measure "from the date on which the employee knew or should have known of the union's final action or the date on which the employee knew or should have known of the employer's final action, *whichever occurs later*." *Hill v. Ga. Power Co.*, 786 F.2d 1071, 1075 (11th Cir. 1986) (emphasis in original and quotations omitted).

As a preliminary matter, the district court potentially erred in failing to construe Gross's state law breach of contract claim as a hybrid claim under the LMRA. While Gross explicitly titled her claim as "Breach of Contract code section O.C.G.A, 13-6-14," she named both Defendants in the heading of that section, and included allegations related to the collective bargaining agreement and fair representation.[3] *See DelCostello*, 462 U.S. at 164–65. However, any such claim under the LMRA is barred by its statute of limitations. The latest date she alleges an adverse action by UPS's

---

[3] *See, e.g.*, Doc. 66 at 28–29 ("Both defendants never used the JUST CAUSE EFFECT when discipling an employee[,] . . . refus[ed] to grant an employee's request for a Union Steward," failed to fairly bargain, and breached fiduciary duties.).

termination and the Union's representation during the alleged disputes is August 24, 2020, and she did not file her original complaint until March 25, 2021, over a month past the statute of limitations period. *See Bartholomew*, 361 F.3d at 1342; *Hill*, 786 F.2d at 1075. Any remand based on the district court's misconstruction of her hybrid LMRA claim would be futile.

### III.    Appointment of Counsel

We ordinarily review a district court's decision not to appoint counsel for abuse of discretion. *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1365 (11th Cir. 2007) (per curiam). However, we lack jurisdiction to hear appeals directly from orders of federal magistrate judges, as an appeal from a magistrate judge's ruling must first be to the district court. *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980).[4]  We previously applied *Renfro* in cases where a magistrate judge issues a non-dispositive order, a party fails to object to the order, and the same party subsequently appeals from the final judgment. *See United States v. Schultz*, 565 F.3d 1353, 1359–62 (11th Cir. 2009) (per curiam). Therefore, this jurisdictional rule applies to non-dispositive matters, and with or without notice that any objections must be filed within the applicable time limits. *Id.* at 1361–62. Relevant here, any objections to a magistrate judge's non-dispositive pretrial order are to be made within 14

---

[4] We adopted all decisions of the former Fifth Circuit as binding when handed down prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

days, and that a party "may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a).

We lack jurisdiction to review the magistrate judge's order denying Gross's motion for appointment of counsel. She never appealed that decision to the district court, *Renfro*, 620 F.2d at 500, and all litigants—including those proceeding pro se—are required to comply with applicable procedural rules. *Albra*, 490 F.3d at 829. Because Gross failed to abide by Rule 72(a)'s 14-day requirement, we are required to dismiss that portion of her appeal.

## IV.    Conclusion

Accordingly, we **AFFIRM** the district court's dismissal of Gross's fourth amended complaint, and we **DISMISS** the appeal as to her motion for appointment of counsel for lack of jurisdiction.