[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10183

Non-Argument Calendar

_____

CICHOWSKI FAMILY,

                                                             Plaintiff,

CHRISTINE V. CICHOWSKI,
CVC,
KEVIN CICHOWSKI,
to be known as KJ,
STANLEY CICHOWSKI, JR.,
SC,
CHRISTINE CICHOWSKI,
CC,

                                             Plaintiffs-Appellants,

*versus*

2                    Opinion of the Court                    24-10183

CVS HEALTH CORPORATION, CVS HEALTH
SOLUTIONS, LLC, CVS PHARMACY, INC.,
CVS RX SERVICE, INC., et al.,

                                                    Defendants,

KES,
The Pharmacist, SK,
CVS PHARMACY,

                                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:22-cv-00599-TJC-PDB

_____

Before WILSON, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants Kevin Cichowski, Christine V. Cichowski, Stanley Cichowski, and Christine Cichowski (collectively, the Cichowskis), proceeding pro se, appeal the district court's grant of CVS Pharmacy Inc.'s (CVS) motion for judgment on the pleadings. Fed. R. Civ. P. 12(c). The Cichowskis argue that

the district court erred in finding that their complaint failed to allege facts sufficient to support a valid negligence claim against CVS. After careful review, we affirm.

## I.

In our review of the district court's order granting judgment on the pleadings, we must accept as true all material facts in the Cichowskis' complaint. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). According to the Cichowskis, these are the facts.[1] On or about May 26, 2022, a CVS pharmaceutical technician, Kes, accepted a service of process assignment. Kes then followed and stalked the Cichowskis at night causing them psychological trauma.

## II.

We review de novo a district court's order granting judgment on the pleadings. *Perez*, 774 F.3d at 1335. "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Id.* (quotation marks omitted). "In determining whether a party is

---

[1] The Cichowskis proceed pro se and allege only a limited factual background in their Second Amended Complaint (SAC). The district court's order provides additional context based on prior filings and a hearing before the district court. The Cichowskis believed that a CVS pharmacist served or attempted to serve Stanley Cichowski in a debt collection case. They thought the connection between their pharmacist and the service of process in the collection case violated their privacy and First Amendment right to freedom of speech by chilling their desire to speak with a pharmacist. While this is helpful context, we base our decision solely on the information provided in the SAC.

entitled to judgment on the pleadings, we accept as true all material facts alleged in the non-moving party's pleading, and we view those facts in the light most favorable to the non-moving party." *Id.*

Although we construe *pro se* pleadings liberally, we "cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). And we will generally not consider an issue raised for the first time on appeal, *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004), nor will we consider issues raised for the first time in a reply brief, *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1313 (11th Cir. 2023). Additionally, "an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading." *Varnes v. Loc. 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982).

In reviewing an order of a district court sitting in diversity, we must apply the law of the state in which the district court sits, including that state's common law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Here, the district court sits in Florida, so we apply Florida law. *See id.* Under Florida law, a negligence claim has four elements: (1) "[t]he claimant must first demonstrate that the defendant owed a duty, or obligation, recognized by the law, requiring the defendant to conform to a certain standard of conduct, for the protection of others against unreasonable risks"; (2) "the claimant must establish that the defendant failed to conform to that

duty"; (3) "there must be a reasonably close causal connection between the nonconforming conduct and the resulting injury to the claimant"; and (4) "the claimant must demonstrate some actual harm." *Williams v. Davis*, 974 So. 2d 1052, 1056 (Fla. 2007) (quotation marks omitted and alterations adopted).

An employer is vicariously liable for compensatory damages arising from an employee's negligent acts committed within the scope of their employment, though an employer cannot be held vicariously liable for punitive damages unless the employer is also at fault. *Mercury Motors Exp., Inc. v. Smith*, 393 So. 2d 545, 549 (Fla. 1981). An employee acts within the scope of employment when his or her conduct "occurs substantially within authorized time and space limits, and it is activated at least in part by a purpose to serve the [employer]." *McGhee v. Volusia Cnty.*, 679 So. 2d 729, 732 (Fla. 1996).

The Florida Supreme Court has defined the standard of care imposed on pharmacists as follows: a pharmacist who sells a prescription warrants that (1) "he will compound the drug prescribed;" (2) "he has used due and proper care in filling the prescription (failure of which might also give rise to an action in negligence);" (3) "the proper methods were used in the compounding process;" and (4) "the drug has not been infected with some adulterating foreign substance." *McLeod v. W.S. Merrell Co.*, 174 So. 2d 736, 739 (Fla. 1965).

An employer may also be held liable for negligently hiring or negligently supervising its employees. *Malicki v. Doe*, 814 So. 2d

347, 361–62 (Fla. 2002). To make out a prima facie case of negligent hiring, a plaintiff must demonstrate that (1) the employer had to "make an appropriate investigation of the employee and failed to do so"; (2) "an appropriate investigation would have revealed the unsuitability of the employee for the particular duty"; and (3) "it was unreasonable for the employer to hire the employee in light of the information he knew or should have known." *Id.* at 362. Negligent supervision, by contrast, "occurs after employment begins, where the employer knows or should know of an employee's unfitness and fails to take further action such as investigating, discharge or reassignment." *Id.* at 362 n.15 (quotation marks omitted).

## III.

Here, because the Cichowskis' SAC alleges that pharmaceutical technician, Sophanath Kes, stalked the Cichowskis at night—that is, outside the "authorized time and space limits" of his employment at CVS—and because there are no allegations in the complaint suggesting that Kes's actions were motivated by a purpose to serve CVS—Kes was not acting within the scope of his employment when he allegedly stalked the Cichowskis. *See McGhee*, 679 So. 2d at 732. Thus, CVS would not be vicariously liable for Kes's alleged actions. Nor are the allegations in the SAC sufficient to suggest that CVS negligently hired or supervised Kes, since "an appropriate investigation" into Kes at the time he was hired, or any time after, would not have suggested that Kes was unsuited to perform his duties as a pharmaceutical technician merely because he also worked as a process server. *See Malicki*, 814 So. 2d at 362.

Even if we consider factual allegations from the Cichowskis' prior complaints, the Cichowskis have still failed to allege facts suggesting that CVS is liable to the Cichowskis for negligence. Even if Kes failed to inform the Cichowskis that he was working as a process server in a debt-collection case against Stanley Cichowski before filling and dispensing the Cichowskis' medications, this would not breach any duty that pharmacists owe to their customers under *McLeod*. *See* 174 So. 2d at 739. Nor would CVS be liable to the Cichowskis on a theory of negligent hiring or negligent supervision of pharmacist Kes for the same reasons described above.

We need not address the Cichowskis' arguments that the district court did not consider a document describing the scope of CVS's duties, failed to mail them certain orders and documents, and engaged in *ex parte* communications with CVS at a hearing because these issues are raised for the first time on appeal and for the first time in a reply brief. *See Access Now, Inc.*, 385 F.3d at 1331. CVS was entitled to a judgment on the pleadings; we, therefore, affirm.

**AFFIRMED.**