McCann, J.
INTRODUCTION
The plaintiffs Wilkinson are represented by James J. Walsh, Esq. The defendant insurance companies are represented by Lawrence A. Dugan, Esq.
PROCEDURAL BACKGROUND
The plaintiffs, Joseph and Darlene Wilkinson, commenced this action by filing a two-count complaint against the defendants, Citation Insurance Company and Commerce Insurance Company. By an order dated June 17, 2004, a judge of this Court (Billings, J.) entered judgment in favor of the plaintiffs as to Count I and for the defendants on Count II, thereby dismissing that count (18 Mass. L. Rptr. 40). This matter is currently before the Court on the plaintiffs’ application for attorneys fees, incurred as a result of securing a judgment under Count I. For the reasons set forth below, the application is ALLOWED.
*701 FACTUAL BACKGROUND
The following facts are not subject to genuine dispute. On December 22, 2000, there was a fire at the plaintiffs’ residence, which destroyed a great deal of their personal property. Much of the property lost in the fire consisted of specialized tools and equipment, owned by the plaintiffs, but used predominantly by their son, Todd Wilkinson, for auto racing. On October 21, 2001, the plaintiffs made a written demand under their homeowners’ policy, seeking reimbursement from the defendants for over $44,000 in lost property.[1] After a formal investigation, the defendants responded by a letter dated June 26, 2001 denying the plaintiffs’ demand for full coverage under the policy.[2]
On or about February 19, 2002, the plaintiffs initiated this action with a two-count complaint against the defendants. Count I asserted a breach of contract claim based on the defendants’ failure to fully indemnify the plaintiffs for their lost personal property. Under this count, the plaintiffs sought “judgment against the defendants for the full value of their property, plus interest and costs.” Count II lodged a claim under G.L.c. 93A and G.L.c. 176D, alleging that the defendants’ failure to indemnify their lost property amounted to an unfair and deceptive business practice. Under this count, the plaintiffs sought “judgment against the defendants for multiple damages and attorneys fees" (emphasis added).
The plaintiffs then moved for partial summary judgment as to Count I and the defendants cross moved for summary judgment on both counts. By an order dated June 17, 2004, this Court entered judgment in favor of the plaintiffs as to Count I and for the defendants on Count II, thereby dismissing that count. The parties, by their attorneys, then stipulated to the amount of damages sustained by the plaintiffs as to the insured property. The issue of attorneys fees was reserved for later resolution by this Court. The plaintiffs now make an application for attorneys fees incurred as a result of securing a judgment under Count I.
DISCUSSION
I. The Plaintiffs’ Failure to Demand Attorneys Fees Under Count I
As an initial matter, this Court examines whether the plaintiffs’ failure to demand attorneys fees under Count I of the complaint precludes their current application. The defendants, relying on Buffum v. Rockport, 36 Mass.App.Ct. 377 (1994), and Varnes v. Glass Bottle Blowers Assoc. of the U.S., 674 F.2d 1365 (11th Cir. 1982),[3] argue that as a general rule of fairness, damages should not be awarded to a plaintiff unless the possibility of such an award is brought to the defendant’s attention by the complaint. This argument is unpersuasive.
The equitable rule the defendants ask this Court to adopt was crafted to protect defendants after default judgment enters. The policy behind the rule is twofold. First, it assures a defendant will be placed on notice of all possible damages for which it may be liable. Buffum, 36 Mass.App.Ct. at 382; see also Varnes, 674 F.2d at 1369 (noting that “as a matter of basic fairness, [the defendant] ought to know that it may be liable for [attorneys fees]”). Second, it “permits a defendant to make a calculated decision, based upon the allegations in a complaint, to waive liability issues and to proceed directly to the assessment of damages,” Buffum, 36 Mass.App.Ct. at 382,[4] or to proceed to discovery or use other pretrial procedures in an effort to more narrowly define the disputed issues. Varnes, 674 F.2d at 1369.
Both of the aforementioned policies were served in the instant case. First, although the plaintiffs did not specifically seek attorneys fees under Count I,[5] their demand under Count II clearly put the defendants on notice that attorneys fees could be part of the downside risk of defending the action. As such, fairness does not dictate the preclusion of attorneys fees for lack of notice. Second, given the fact that the defendants were placed on notice, it necessarily follows that they were also provided the opportunity to make a calculated decision on whether to waive liability and proceed directly to the assessment of damages or resort to discovery or other pretrial procedures to flesh out the disputed issues.[6]
The defendants consciously chose to go forward with this action and resorted to discovery and other pretrial procedures. It was the defendants’ subsequent involvement in the pretrial motion stage that disclosed more precisely the basis of the plaintiffs’ claim and more narrowly defined the damages the plaintiffs sought. It is in this regard that the case at bar is markedly distinguishable from cases such as Buffum and Varnes. In those cases, default judgment had already entered and the defendants had a “justifiable reliance” that the damages would not exceed the amount of the plaintiffs’ demand. Buffum, 36 Mass.App.Ct. at 382. The defendants in this case can not be said to have retained a reliance interest in the broad language of the initial demand. Accordingly, this Court finds that the plaintiffs’ failure to demand attorneys fees under Count I of the complaint does not preclude their present application.
II. The Plaintiffs’ Entitlement to Attorneys Fees
The primary issue before this Court is whether the plaintiffs are entitled to attorneys fees, incurred as a result of securing a judgment under Count I. The plaintiffs argue that they are entitled to attorneys fees because it was the defendants’ failure to honor their contractual commitment which imposed upon the plaintiffs the costs of obtaining the benefit of their bargain. The defendants, in turn, argue that Massachusetts courts have strictly limited the award of attorneys fees in insurance cases to matters in which a policyholder is forced to incur legal fees because the *702 insurer has denied its contractual duty to defend and the policyholder was forced to either defend or seek declaratory relief. This Court finds that the plaintiffs should be awarded attorneys fees.
As a general rule, in awarding damages in civil actions, Massachusetts courts tend to follow the “American Rule.” See Waldman v. American Honda Motor Co., 413 Mass. 320, 321 (1992). Under the American Rule, the litigant bears his own expenses and attorneys fees. Id. Massachusetts courts, however, have made an exception to this rule “where the insurer compels the insured to assume the burden of legal action to obtain the full benefit of his insurance contract.” Rubenstein v. Royal Ins. Co., 429 Mass. 355, 359 (1999). The policy behind this rule is that “the promise to defend the insured, as well as the promise to indemnify, is the consideration received by the insured for payment of the policy premiums.” Id. at 358, quoting Brohawn v. Transamerica Ins. Co., 276 Md. 396, 409-10 (1975) (emphasis added). “[T]o impose upon the insured the cost of compelling his insurer to honor its contractual obligation is effectively to deny him the benefit of the bargain.” Id. at 360, quoting Hayseeds, Inc. v. State Farm Fire & Cos., 500 S.E.2d 310, 329 (W.Va. 1997).
Although the defendants correctly note that the exception to the American Rule has only been applied in duly to defend cases, both the policy behind and the language of Rubenstein support the award of attorneys fees in an indemnity case such as this. First one of the driving policy concerns behind the award of attorneys fees in Rubensteinwas preventing insurance companies from denying their policyholders the benefit of their insurance contracts. In the instant case, the parties stipulated that the damage to the plaintiffs’ property was $38,000. As of the date of disposition of the parties’ cross motions for summaiy judgment, the plaintiffs’ legal fees had already risen to $32,000. Given the cost of bringing the current application, the plaintiffs stand to take a net loss on this matter unless they are awarded attorneys fees. This is exactly the type of result the Supreme Judicial Court sought to avoid by crafting an exception to the American Rule. Rubenstein, 429 Mass. at 359 (“Even if the insured were eventually compensated for its defense of the third party action, it would remain permanently uncompensated for the costs associated with the declaratory judgment action it was forced to initiate because of the insurer’s violation of its duty to defend”). Thus, the policy of enforcing the benefit of the bargain favors the award of attorneys fees in this case.
Second, the Court’s use in Rubenstein of the word “coverage,” rather than duty to defend, also supports an award of attorneys fees in this case. Indeed, the Court in Rubenstein created a broader test than the defendants assert, stating: “The entitlement of an insured to attorneys fees and costs incurred in establishing contested coverage depends exclusively on whether that coverage is ultimately determined to exist . . . [T]he only considerations relevant to our inquiry are that the [plaintiffs] paid premiums to, and purchased comprehensive general liability insurance from, the defendant . . .” Id. at 360. In the present case, it is undisputed that the plaintiffs paid their premiums and this Court has subsequently determined that coverage did exist. Thus, under the Rubenstein test, because the plaintiffs established that coverage existed and the defendants failed to provide that coverage, the plaintiffs are entitled to an award of reasonable attorneys fees and expenses incurred in securing coverage under their homeowners’ policy.
On June 17, 2004, in his Memorandum and Order on Plaintiffs’ Motion for Partial Summary Judgment and Defendants’ Cross Motion for Summary Judgment, Billings, J. entered the following Order for Judgment:
1. Summaiy Judgment will enter for the plaintiffs as to liability on Count I. If the parties are able to agree on damages (i.e., on the amount of the plaintiffs’ loss without regard to the $3,000 limitation on property “used that any time or in any manner for ‘business’ purpose,” they shall file a stipulation (reserving all appellate rights) within thirty days; otherwise, the plaintiffs shall so notify the court and request an assessment of damages, to be held before the judge then in the session.
2. Summaiy Judgment shall enter for the defendants on Count II, dismissing that count.
The parties filed a stipulation as to property damage amount as follows:
The parties, by their attorneys, hereby stipulate that the amount of damage sustained by the plaintiffs to the property that is subject of this action is thirty eight thousand dollars ($38,000). This stipulation does not pertain to the issue of attorneys fees, which issue is to be resolved by the court.
With that in mind and consistent with the Order for Judgment by Billings, J. dated June 17, 2004, Summary Judgment shall enter for the plaintiffs Joseph Wilkinson and Darlene Wilkinson and damages are assessed in the amount of $38,000. The Court has reviewed the respective affidavits and time sheets filed in conjunction with the remaining issue of the assessment of attorneys fees and the Court assesses attorneys fees in the amount of $33,695.65. Judgment shall enter accordingly.
ORDER FOR JUDGMENT
The following Judgment shall enter:
1. Summaiy Judgment shall enter for the plaintiffs Joseph Wilkinson and Darlene Wilkinson and against the defendants Citation Insurance Company and Commerce Insurance Company on Count I. Damages are assessed in the amount of $38,000. Attorneys fees are assessed in the amount of $33,695.65.
*703 2. Summary Judgment shall enter for the defendants Citation Insurance Company and Commerce Insurance Company on Count II and that count shall be dismissed.

Although the policy bears the names of both defendants, the plaintiffs’ policy states that it was “ISSUED BY CITATION INSURANCE COMPANY.”

This portion of the case was discussed at length in Judge Billings’ Memorandum and Order on Plaintiffs’ Motion for Partial Summary Judgment. For the purpose of this motion, it is sufficient to note that the defendants rejected full coverage under the Special Limits of Liability clause of the plaintiffs’ homeowners’ policy, arguing that the specialized auto racing tools and equipment lost in the fire were used by Todd Wilkinson for a “business” purpose, thereby limiting recovery for these items to $3,000.

The defendants mistakenly cite to Conley v. Gibson, 355 U.S. 41 (1957), for the full proposition of law that they ask this Court to adopt. This language actually originates from the Varnes decision, which quotes in part the Conley decision. Varnes, 674 F.2d at 1369. Notably, this same language was also adopted by the United States District Court for the District of Massachusetts in D’Angelo v. Potter, 2004 U.S. Dist. LEXIS 8847 (D.Mass. May 17, 2004).

“This permits a defendant to decide the scope of his downside risk, and thus to determine whether to expend time and money defending the action.” See J.W. Smith & H.B. Zobel, Rules Practice §54.9, at 312 (1977 & 2004 Supp.).

The plaintiffs’ complaint does demand costs plus interest.

The amount of damages the plaintiffs were owed, including attorneys fees, was arguably the only issue in dispute.